## JAMES GORHAM vs. JOHN GORHAM.

Upon a question what constituted a certain tract known as " the swamp lot," a witness, to whose mother, now deceased, it was claimed that the lot had been distributed in dower, was asked what his mother " understood by the swamp lot." Held to be inadmissible.

To show that certain acts claimed by one of the parties to have been acts of ownership, were mere trespasses, the other party offered evidence of like acts unlawfully committed about the same time upon other land belonging to other owners and not connected with the disputed premises. Held to be inadmissible.

EJECTMENT; brought to the Court of Common Pleas of New Haven County, and tried to the jury on the general issue before *Pardee, J.* Verdict for the plaintiff and motion for a new trial by the defendant for errors in the rulings and charge of the court. The case is sufficiently stated in the opinion.

*Alling*, in support of the motion.

*Doolittle* and *W. C. Robinson*, contra.

FOSTER, J. The tract of land, of which both the plaintiff and defendant in this case claim the ownership, made part of the estate of Mr. John Gorham, styled John Gorham, Senior, who died in 1792. Distribution of his real estate was made through the court of probate in May of that year, to his widow and five children, two sons and three daughters. The plaintiff claims that the land in question was set out to Levi, the eldest son; that he died in 1812, leaving a widow and children; that this land was distributed to the widow as part of her dower; and that by deeds from her and the right heirs of Levi, he, the plaintiff, had derived a perfect title to the demanded premises.

The defendant denies these claims of the plaintiff, and claims title to the premises through a deed from Sarah Munson, a daughter of said John Gorham, Senior, accompanied with evidence of her possession and occupation of the land in dispute for some years prior to the death of Levi Gorham, and down to the time of giving the aforesaid deed to the defendant in 1820; and of the defendant's possession and occupation, as owner, since that time. And the defendant claims that from all these facts the jury were bound to presume a deed from Levi to Sarah.

The claims of the parties were submitted to the jury, who returned a verdict for the plaintiff. The defendant, in this motion, which is bristling with points, asks a new trial.

We think it necessary to decide but two of the multitude of questions presented for our consideration.

The land in question has usually been spoken of as "the

Gorham v. Gorham.

swamp lot" or "the swamp wood lot." The plaintiff, James Gorham, a son of Levi, was asked as a witness what his mother, to whom he claimed the land had been distributed in dower, "understood by the swamp lot." This question was objected to, but the objection was overruled, and the evidence admitted.

We certainly can entertain no doubt but that this testimony should have been rejected. It must be difficult, to a degree bordering on the impossible, for one person to testify, of his own knowledge, what the understanding of another was, as to any given question. Such testimony is not to a fact; it must be merely an opinion, a conjecture as to a fact. Clearly, this is as far as possible from legal testimony. Besides, if the fact inquired after could be proved with mathematical certainty, it would not be evidence. The "understanding" of the widow of Levi Gorham, as to what constituted the swamp lot, could have no legitimate bearing on the issue to be decided.

To show that acts of cutting wood on the premises, claimed by the defendant as acts of possession and ownership, were not such, but were mere trespasses, the plaintiff offered evidence that about the same time that said acts were done, the defendant entered upon the lots of other owners in the tract of land which had belonged to John Gorham, Senior, not near to nor part of the disputed premises, and had cut and carried off wood therefrom, without right, in the same manner as from the disputed tract. To this evidence the defendant objected, but the court admitted it.

We think this was clearly wrong. It opened a collateral question as to the title and possession of other tracts of land, which the court could not then legitimately investigate, and one, too, which, when investigated and decided, would furnish no rule, no aid, in determining the real question to be decided. Here were two distinct and independent questions; one was before the court and the other was not. Each should be decided according to law and the facts applicable to it, and each at its appropriate time. The evidence offered as to a matter not before the court, and which, however it

might be decided, could have no legal bearing on the question which was before the court, should have been excluded.

The motion for a new trial ought to be granted.

In this opinion the other judges concurred.