Filed June 10, 1891.

---

No. 221.

## McCORMICK, EXECUTOR, v. McCORMICK.

PARENT AND CHILD.—*Domestic Service Rendered by Child.*—*Compensation.*— Where the child, after reaching majority, resides with the parent as a member of the family, rendering services for the family, the law does not imply an obligation on the part of the parent to pay for such services ; on the contrary, the presumption is that no pecuniary compensation as wages is to be paid. But an obligation of the parent to pay for services so rendered may be created by express contract, or an obli-

gation for reasonable compensation may be inferred from circumstances shown tending to rebut such presumption.

From the Miami Circuit Court.

*S. D. Carpenter,* for appellant.

*W. C. Bailey* and *J. T. Cox,* for appellee.

BLACK, J.—This was a claim filed by the appellee, Margaret A. McCormick, against the estate of David McCormick, deceased, for services as housekeeper for the testator, and for nursing, waiting upon, and taking care of the testator's wife.

There was a special verdict, in substance, as follows: The testator died on the 12th of March, 1889, and the appellant is the executor of his will. The appellee, at the time of the trial, which was about eight months after the death of the testator, was about thirty-eight years of age. For about thirteen years previous to the testator's death the appellee did the housework for him and waited upon and cared for his wife, until the death of said wife, and afterwards until the death of the testator. The appellee's services were worth $1.65 for each and every week of that period. The testator, after the making of his will, " recognized the justice of plaintiff's claim, and said he intended to have her compensated for her services." The appellee is the daughter of the testator, " but we find that the facts and circumstances surrounding the transaction overcome and rebut the presumption, arising from the relationship of the parties, that no compensation was intended. We find from the facts and circumstances of this case, and the statements of the deceased, David McCormick, that such services were rendered by the plaintiff, Margaret McCormick, intending to receive compensation therefor, and that such services were rendered at the request of said David McCormick, and were accepted by said David McCormick intending to compensate said Margaret McCormick, plaintiff herein, for her said services." No payments had been made " on said indebted-

ness." The decedent, on the 10th of December, 1888, made his will, in which he provided that, after the payment of his debts, his property should be equally divided among all his children. At the time he signed his will he stated that he intended to give the appellee five hundred dollars more than the other children, for keeping house for him, but that he would not put it in the will.

In the formal conclusion of the verdict the appellee's damages were assessed at five hundred and fourteen dollars and eighty cents, for which sum the court rendered judgment in her favor, after overruling appellant's motion for judgment on the verdict, his motion for a *venire de novo*, and his motion for a new trial.

Where the child, after reaching majority, resides with the parent as a member of the family, rendering services for the parent, the law does not imply an obligation on the part of the parent to pay for such services; on the contrary, the presumption is that no pecuniary compensation as wages is to be paid. But an obligation of the parent to pay for services so rendered may be created by express contract, or an obligation for reasonable compensation may be inferred from circumstances shown tending to rebut such presumption. *Resor* v. *Johnson*, 1 Ind. 100; *House* v. *House*, 6 Ind. 60; *Adams* v. *Adams*, 23 Ind. 50; *Smith* v. *Denman*, 48 Ind. 65; *Botts* v. *Fultz*, 70 Ind. 396; *Hilbish* v. *Hilbish*, 71 Ind. 27.

" This presumption may be rebutted by an express contract to pay, and a recovery may be had upon the contract, or it may be rebutted by facts and circumstances which exclude the intention on the part of such persons that the * * services rendered were gratuitous, and raise an inference that compensation was intended, and in justice and fairness under the circumstances they ought to have made a contract to pay; under such circumstances the law will imply a contract and require payment." *Hill* v. *Hill*, 121 Ind. 255.

Where in equity and good conscience money is due for

services, the law implies a promise to pay therefor. It is not necessary that the parties should state to each other their understanding that compensation is to be made for the services; nor is it necessary that there should be an understanding that any definite amount shall be paid.

No precise rule can he stated as to what circumstances will raise an implied contract to pay for services rendered by an adult person for his parent.

The special verdict before us shows that the appellee, the daughter of the testator, performed continuous valuable services for the testator and his wife for a period commencing some years after the appellee reached majority, and the value of the services is stated. It is found that the services were rendered by her intending to receive compensation therefor, and that they were rendered at the request of the testator, and were accepted by him, intending to compensate her therefor; that, during the performance of the services, he said he intended to have her compensated therefor; that he stated that he intended to give her, for keeping house for him, a certain amount, upon which the assessment of damages seems to have been based, and that no payment had been made for the services.

The court below having determined that the facts found authorized a judgment for the appellee, we will not disturb that conclusion.

The verdict was not so defective or uncertain that a judgment could not be rendered on it. It was sustained by sufficient evidence, and was not contrary to law.

The judgment is affirmed, with costs.

Filed June 10, 1891.