## MATHIAS v. TINGEY.

No. 2232.   Decided September 9, 1911.   Rehearing Denied November
11, 1911 (118 Pac. 781).

1. EXECUTORS AND ADMINISTRATORS—ALLOWANCE AND PAYMENT OF
   CLAIMS—PERSONS IN FAMILY RELATIONS—IMPLIED CONTRACTS.
   While the services rendered by a child while living with his
   parents are usually presumed to be gratuitous, and a promise to
   pay for them will not be implied from their mere rendition,
   yet such promise to pay may be implied from all the circum-
   stances under which the particular services were rendered.
   (Page 562.)

2. EXECUTORS AND ADMINISTRATORS—ALLOWANCE AND PAYMENT OF
   CLAIMS—PERSONS IN FAMILY RELATIONS—IMPLIED CONTRACTS—
   EVIDENCE—SUFFICIENCY.   In an action by a daughter against her
   mother's estate for services to the mother during her last
   illness, evidence *held* to support a finding that the mother agreed
   to pay for such services.   (Page 566.)

APPEAL from District Court, First District; *Hon. W. W.
Maughan,* Judge.

Action by Rebecca T. Mathias against Henry Tingey, as
administrator of the estate of Mariah P. Tingey, deceased.

Judgment for plaintiff.   Defendant appeals.

AFFIRMED.

*Ricey H. Jones* for appellant.

*Nels Jenson* for respondent.

FRICK, C. J.

The respondent filed a claim against the estate of Mariah
P. Tingey, deceased, respondent's mother, for services which
respondent alleged were rendered by her for her mother dur-
ing the last two years of her life.   The appellant, as adminis-
trator of said estate, disallowed respondent's claim, and she

39 Utah—36

brought an action under the statute to recover for the services aforesaid. A trial to a jury resulted in a verdict and judgment in favor of respondent, and appellant presents the record on appeal.

There is practically but one question presented for review, which is that the evidence is insufficient to support the verdict. For that reason, it is contended that the judgment ought to be reversed. Appellant's counsel strenuously insists that, in view that the services in question were rendered by a child, although an adult, for her parent, no recovery can be had, except upon an express promise by the parent to pay for the services, and that respondent has not established such a promise on the part of the decedent; and hence he asserts the verdict and judgment cannot prevail. While some of the courts of last resort of this country have held that, as between parent and child living in one family, although the child has reached the age of majority, no recovery can be had for services rendered by such child for the parent, except upon an express promise or agreement on the part of the parent to pay for such services, we think that the law upon the subject of services rendered by a child for a parent, as the same is applied by a majority of the courts of this country, is correctly stated in 29 Cyc. 1629-1631, in the following language:

"As a general rule, a child who is living with its parents is not entitled to compensation for services rendered to the parent, even though the child be an adult or otherwise emancipated, for such services are presumed to be gratuitous, and a promise on the part of the parent to pay for them will not be implied from their mere rendition. But the parent may contract to pay the child for its services, and in such case the child's claim for the amount due is good as against the parent and his creditors. It is not even necessary that there should be an express and definite contract between the parents and child, but mutual understanding that the services are to be paid for is sufficient to entitle the child to payment; and if from the circumstances a contract by the parent to pay for the services may be inferred the child is entitled to recover therefor."

In other words, if from all the facts and circumstances surrounding the parties, and under which the services were com-

menced and rendered, it can be reasonably inferred that the child expected to receive remuneration, and the parent intended to pay for the services, a promise to pay therefor may be implied. In 21 Am. & Eng. Ency. L. (2d Ed.), 1063, the general rule is stated to be substantially as outlined above. In connection with the general rule as aforesaid, it is also stated by the author of the article in 21 Am. & Eng. Ency. L. (2d Ed.), that "when a child has become of age, left home, established a business, and supported himself, and then returns upon the request of his parent, it seems that the general rule that a promise to pay for services rendered is inferred applies." In other words, if an adult child is no longer a member of the parent's family, but is supporting himself through his own efforts, and the parent under such circumstances requests the child to return to the parent and perform certain services for him, then the general presumption that the services are rendered gratuitously or as a matter of filial duty loses its full force and effect.

The facts and circumstances with regard to whether the general rule or the exception thereto as indicated above shall prevail are not always of that clear and convincing character that all reasonable men will arrive at the same conclusion as to whether the facts bring the case within the general rule or within the exception. The conditions which usually exist between parent and child, who either live in one or in separate families, are so variant, and are controlled by such variable circumstances, that most courts have either hesitated or entirely refrained from laying down a hard and fast rule with regard to when remuneration for services rendered by an adult child for a parent may or may not be recovered. But instead, as a general rule, such courts require the whole facts and circumstances to be passed on by a jury, who from all the facts and circumstances surrounding the parties in interest, when fully and fairly considered, may determine the question whether there was a promise, express or implied, to pay for particular services. In an early Massachusetts case (*Guild v. Guild*, 15 Pick. 130), Mr. Chief Justice Shaw, in considering this subject, in the course of his opinion says:

"It would be quite competent for the jury to infer a promise from all the circumstances of the case; that, although the burden of proof is upon plaintiff, as in other cases, the jury ought to be instructed that if, under all the circumstances of the case, the services were of such a nature as to lead to a reasonable belief that it was the understanding of the parties that pecuniary compensation should be made for them then the jury should find an implied promise."

In *Crampton v. Logan*, 28 Ind. App. 408, 63 N. E. 52, Mr. Justice Black, after discussing the general rule applicable between parent and child which we have quoted from Cyc., *supra*, proceeds:

"For the recovery of compensation for services rendered by a member of a family, as in all other cases of recovery for services, a contract must be shown, either express or implied; and if the circumstances authorized the person rendering the services reasonably to expect payment therefor, by way of furtherance of the understanding of the parties, or because reason and justice requires compensation, the law will imply a contract therefor. The question as to whether or not there was either an express contract or an implied contract to pay for the services is matter of fact for the jury to determine upon the evidence."

In *McCormick, Ex'r v. McCormick*, 1 Ind. App. 594, 28 N. E. 122, it is said:

"No precise rule can be stated as to what circumstances will raise an implied contract to pay for services rendered by an adult person for his parent."

The following well-considered cases, among a very large number which might be cited, support the foregoing doctrine: *Crampton v. Logan, supra; McCormick, Ex'r v. McCormick, supra; Sammon v. Wood*, 107 Mich. 506, 65 N. W. 529; *Koch v. Hebel*, 32 Mo. App. 103; *Hart v. Hess*, 41 Mo. 442; *Allen v. Allen*, 101 Mo. App. 676, 74 S. W. 396; *Heffron v. Brown*, 155 Ill. 326, 40 N. E. 583; *Scully v. Scully*, 28 Iowa, 548; *Murdock v. Murdock*, 7 Cal. 511.

In *Zimmerman v. Zimmerman*, 129 Pa. 229, 18 Atl. 129, 15 Am. St. Rep. 720, in *Hinkle v. Sage*, 67 Ohio St. 256, 65 N. E. 999, and in some other cases, it is held that no recovery can be had, except upon an express contract or promise by the

parent to pay for the services. We are not inclined to lay down such a strict rule. Nor can we see upon what principle the courts act when, in the absence of an express statute upon the subject, they undertake to say that an implied promise in such cases is not to be regarded, while in all other kinds of cases such a promise is sufficient to support a recovery. If it be said that the strict rule tends to prevent unjust claims of the character now under consideration from being enforced against the estates of decedents, it may also be said that, where the mouth of the claimant is closed because of the death of the parent, the rule may just as often, if not more often, defeat just and meritorious claims. From the numerous cases of this character which get into the courts and thus are preserved in the reports, it is apparent that it seldom occurs that any, other than an oral, promise is made by the parent to the child. Where such a promise is made by the parent to pay the child, the latter, in case of the death of the parent, very often is prevented from proving the promise, because his mouth is closed, and he has no one who heard the parent make the promise. If in such a case an implied promise is held sufficient, the child may nevertheless be able to prove such a promise; but if it is held that no recovery can be had, except upon an express promise, the child's claim, however just, must fail, notwithstanding the existence of an express promise. We are of the opinion therefore, that in cases where it is clear that valuable services have been rendered by an adult child for his parent the whole facts and circumstances surrounding the parties, and under which the services were rendered, should be submitted to the jury, under instructions in which the general rules applicable to such cases, and to which we have already referred, are clearly stated.

In this case the court instructed the jury in accordance with such rules, and appellant does not complain of the instructions. Do the facts and circumstances of the case at bar bring it within those rules? Briefly stated, the facts developed by respondent's evidence are: That at the time of the trial (June, 1910) respondent was thirty-five years of age; that from and

after she had arrived at the age of twenty-one years she, during much, if not all, of the time up to the last sickness of her mother, supported herself by nursing, and by performing other domestic services in private families; that about two years prior to her mother's death, which occurred in August, 1908, her mother became afflicted with some female trouble which resulted in an internal tumor of some kind, which had to be and was removed by a surgical operation; that for some time prior to the time aforesaid respondent's mother was unwell and at times helpless; that about two years or such a matter before the mother's death, and at a time when she was unwell and could no longer help herself, and when respondent apparently was not a member of her mother's family, she requested respondent to come home and take care of her. It appears that no express contract or agreement with regard to remuneration was entered into between respondent and her mother, but a sister of respondent, in speaking of what her mother said about remunerating the respondent, testified that her mother said: "She (the mother) said she would make it up to her (respondent) when she (the mother) got ready." There is much evidence in the record that is quite immaterial, but there is also much from which the jury could well find that the respondent, at the time her mother requested her to come home and take care of her, was supporting herself, and was about to be married; that she, at the mother's request, postponed her marriage and remained with her mother until after she died; that for much of the time during her mother's sickness, and especially during the last six months of her life, her mother was practically helpless at times, and had to be attended to the same as a child; that the services rendered by respondent in waiting upon her mother, both day and night, were, to say the least, arduous for one of respondent's strength; that such services were worth a dollar a day and board. The children, as is usual in such cases, are divided upon whether respondent should recover or not; and hence there is much conflict in the evidence. The court submitted the case to the jury upon all of the evidence, and they found

that respondent's services for which she had received no remuneration were worth $450. We are not prepared to say that upon the whole evidence, and in view of the law as hereinbefore stated, the finding of the jury is not justified.

While the reason we should not at long range interfere with the findings of a jury in any law case where there is some substantial evidence to support their findings is obvious, yet the reason we should not do so is more apparent still in cases involving family relations, where the result to be reached must be arrived at from a full and fair consideration of all the facts and circumstances which surround the parties, including their motives, expressed and implied, as the latter may be gleaned from the conduct of the parties. When it is manifest that valuable services have been rendered, and there is some substantial evidence from which a contract, either express or implied, may be deduced, then, as a general rule, it is safe to submit the case to the jury under proper instructions, and permit them to determine whether there is an express contract to pay for the services; or, in case there is no express contract, whether, from all the facts and circumstances, a promise to pay may be implied. If it should appear that the services in question were rendered as a mere matter of duty upon the part of the child, or that both the child and the parent intended the services to be gratuitous, it is not at all likely that the jury will allow pay for services thus rendered. While, in view of all the evidence, this case may be said to be a border line one, yet, for the reasons given, we are not authorized to interfere with the verdict or judgment.

The judgment is affirmed, with costs to respondent.

McCARTY and STRAUP, JJ., concur.