Appeal from First District

## GULBRANSON v. THOMPSON.

No. 4040.    Decided December 12, 1923.    Rehearing Denied January
23, 1924.    (222 Pac. 590.)

1. EXECUTORS AND ADMINISTRATORS—INSTRUCTION RESTRICTING
EFFECT OF EVIDENCE AS TO WORK OF OTHERS ON QUESTION
WHETHER PLAINTIFF PERFORMED SERVICES HELD NOT ERROR.    In
an action for services rendered plaintiff's mother · in her life-
time, where the fact that others rendered some services for
the mother could not affect plaintiff's right to recover reason-
able value thereof, it was not error to instruct that the question
as to whether others performed services for deceased was
immaterial except to show that plaintiff did not perform the
services alleged and not to consider that evidence for any
other purpose.

2. LIMITATION OF ACTIONS—LIMITATION AVAILABLE IN ACTION FOR
PERSONAL SERVICES TO DECEDENT THOUGH NOT PLEADED.    In an
action against personal representative for services to his de-
cedent, the defense of limitation is available, although not
pleaded.[1]

3. LIMITATION OF ACTIONS—ACTION FOR SERVICES TO DECEDENT NOT
BARRED BY LIMITATION.    In action against an administrator for
personal services rendered decedent, the services are deemed
to be continuous and the bar of the four-year statute does not
attach until the full period of time has elapsed, and where inter-
ruptions in rendering the services were merely temporary the
statute has no application.

Appeal from District Court, First District, Cache County;
*M. C. Harris,* Judge.

Action by Louise Gulbranson against John A. Thompson,
as administrator of the estate of Elizabeth Westerberg, de-
ceased.    Judgment for plaintiff, and defendant appeals.

AFFIRMED.

*Leon Fonnesbeck,* of Logan, for appellant.

---

[1] *Fullerton* v. *Bailey,* 17 Utah, 85, 53 Pac. 1020; *Clayton* v.
*Dinwoodey,* 33 Utah, 251, 93 Pac. 723, 14 Ann. Cas. 926.

*L. E. Nelson,* of Logan, for respondent.

FRICK, J.

The plaintiff brought this action in the district court of Cache county to recover judgment against the defendant as the administrator of the estate of Elizabeth Westerberg, deceased, who was the mother of plaintiff, for services rendered by plaintiff for her mother during the latter years of her life. The services in question, according to plaintiff's complaint, covered a period of time commencing in 1908 and continuing, with a temporary intermission of a few months, between December, 1915, and May, 1916, and terminating at the death of plaintiff's mother in 1922. The plaintiff also alleged the filing of her claim against the estate within due time, and its rejection by the administrator.

The defendant in his answer admitted the filing of the claim and its rejection as alleged, and denied generally that the services were rendered. In an affirmative statement in the answer, which is not material, the defendant described the nature or character of the alleged services. It seems that these averments were made for the purpose of showing that from the nature of the services it was not the intention of the mother that the plaintiff should be compensated therefor.

The case was tried to a jury, which found the issues in favor of the plaintiff, and allowed her compensation in the sum of $840. The defendant appeals. Defendant's counsel during the trial interposed a motion for nonsuit, which the court denied. He now insists that the court erred in its ruling on said motion, and in that connection he now contends that the evidence is insufficient to sustain the verdict and judgment.

Counsel for the respective parties are hopelessly at variance respecting the state of the evidence. Each one states the evidence most favorable to his side of the controversy. While, so far as plaintiff's case is concerned, her counsel is clearly within his rights in adopting that view of the evidence which is most favorable to the verdict of the jury, defendant's counsel, however, may not construe the evidence

or view it in the light most favorable to his contention. The question, therefore, is, Is there any substantial evidence in support of the verdict?

Ordinarily, a jury of laymen is better qualified to pass upon the controversies arising out of family affairs than are lawyers and judges. As pointed out in the case of *Mathias* v. *Tingey*, 39 Utah, 561, 118 Pac. 781, 38 L. R. A. (N. S.) 749, when family affairs and the duties and legal obligations of parent and child must be considered in courts of justice, the findings of a jury of laymen should not be lightly interfered with. So far as the evidence in this case is concerned, therefore, we shall not pause to review it. We are, however, satisfied that there is sufficient evidence to support the verdict.

So far as the law applicable to cases like the one at bar is concerned, this court has had occasion to consider and to review many of the cases upon that subject in *Mathias* v. *Tingey*, supra. That case is cited and followed in a later case, namely, *Wilkin* v. *O'Brien*, 53 Utah, 1, 176 Pac. 853. We are still satisfied with the law as it is laid down in those cases and hence could subserve no good purpose, in attempting to add to anything that is there said or to make further review of the authorities.

The district court submitted the case to the jury upon the law as it is laid down in the two cases referred to. There are, however, several questions presented that are not governed or controlled by anything that is said in those two cases. We shall now proceed briefly to consider those questions.

The court charged the jury as follows:

"The court instructs the jury that the question as to whether or not other people except the plaintiff performed work or services for the deceased is immaterial, except for the purpose of showing that the plaintiff did not perform the services alleged, and you are not to consider that evidence for any other purpose."

Defendants counsel excepted to the charge, and now insists that it is erroneous, in that it restricted the jury in their consideration of certain evidence for the purpose stated in the instruction and for no other purpose. We hardly

appreciate the force of counsel's criticism. We cannot understand upon what theory of law plaintiff should be limited in her right of recovery or in the value of her services by what "others" or by what her brothers and sisters may have done. The evidence that others rendered the services that plaintiff claimed she rendered might go far to defeat her right of recovery, but the mere fact that others also rendered some services for the mother in no way could affect plaintiff's right to recover the reasonable value of the services she actually rendered, if no other reason existed why she should not recover. Counsel's contention must therefore fail.

It is next contended that plaintiff's claim is barred by our general statute of limitations except as to those services that were rendered within the four years immediately preceding the death of plaintiff's mother, our statute barring actions upon express or implied oral agreements or accounts, where an action is not brought within four years after the conclusion of the services or the last item of an account. Plaintiff's counsel, however, insists that this defense is not available to the defendant, for the reason that the statute of limitations was not pleaded in the answer. If this were an action between two living adversaries, then, according to the decisions of this court counsel's contention would be sound. In view, however, that the action is against the administrator of a deceased person's estate for a claim arising during the lifetime of the deceased, the general rule that the statute must be pleaded in order to be available does not apply. This court has at least in two cases expressly held that an administrator cannot waive the defense of the statute of limitations under our statute, and hence his failure to plead the same cannot avail the claimant. *Fullerton* v. *Bailey*, 17 Utah, 85, 53 Pac. 1020; *Clayton* v. *Dinwoodey*, 33 Utah, 251, 93 Pac. 723, 14 Ann. Cas. 926. Such is also the rule in California. *Reay* v. *Heazelton*, 128 Cal. 335, 60 Pac. 977, and cases there cited.

The question therefore is, Does not the statute of limitations bar plaintiff's action for services rendered during the

period of time contended for by counsel? We think not. In actions of this kind, in the very nature of things, the services are deemed to be continuous, and the bar of the statute does not attach until the full period of time has elapsed; that is, if there are merely temporary interruptions in the rendering of the services in question, the statute has no application. *Graves* v. *Pemberton,* 3 Ind. App. 71, 29 N. E. 177; *Knight* v. *Knight,* (Ind. App.) 30 N. E. 421; *Mayborne* v. *Citizens' Trust & Svgs. Bank,* 46 Cal. App. 178, 188 Pac. 1034, and other California cases there cited.

We cannot see how a different conclusion is permissible. Here, according to the evidence, plaintiff's mother was afflicted with an ailment which, while intermittent, may nevertheless recur at any time; and the evidence shows that it recurred quite frequently. When the ailment was active or acute the mother was practically helpless, and it required all of plaintiff's time and attention to attend her mother. The ailment, it seems, was incurable, and continued active until the mother died. The plaintiff had left her home after she had attained her majority, and was earning a fair living in the state of California. She returned home, however, and from that time on continued to take care of her mother during the many recurrences of the disease. Under such circumstances the services could not be considered otherwise than continuous so far as the statute of limitations is concerned. If, therefore, the plaintiff is to be compensated at all for her services, and the jury have settled that question, she, it seems to us, must be allowed compensation for the full period of time during which she rendered such services.

The judgment is therefore affirmed, with costs.

WEBER, C. J., and GIDEON, THURMAN, and CHERRY, JJ., concur.