### SHIELDS et ux. v. EKMAN et al.

No. 4356.   Decided July 9, 1926.   (248 P. 122.)

1. WITNESSES—TESTIMONY OF DAUGHTER AND HER HUSBAND AS TO ORAL AGREEMENT WITH HER DECEASED PARENTS TO CARE FOR THEM MAY BE GIVEN FULL PROBATIVE FORCE, IN ABSENCE OF OBJECTION, IN ACTION AGAINST EXECUTORS FOR COMPENSATION (COMP. LAWS 1917, § 7123). Testimony of daughter and her husband as to oral agreements with her deceased parents, under which they cared for parents, *held* admissible and may be given full probative force, in absence of objection, in action against executors for compensation, since Comp. Laws 1917, § 7123, providing that those giving such testimony "cannot be witnesses," is deemed waived by personal representative.[1]

2. EXECUTORS AND ADMINISTRATORS—PRESUMPTION THAT DAUGHTER'S SERVICES TO PARENTS ARE GRATUITOUS HELD INAPPLICABLE, WHERE SHE LEFT HER OWN HOME AT PARENT'S REQUEST TO CARE FOR THEM DURING ILLNESS. Presumption that daughter's services to parents are gratuitous *held* inapplicable, where she had established own home and returned to that of parents, at their request, to render special services of caring for them during illness.[2]

3. EXECUTORS AND ADMINISTRATORS. Whether amount demanded by child for care of parents during illness was excessive *held* for trial court in action against parents' executors for compensation.

---

[1] *Grieve* v. *Howard*, 54 Utah, 225, 180 P. 423.

[2] *Mathias* v. *Tingey*, 39 Utah, 561, 118 P. 781, 38 L. R. A. (N. S.) 749.

4. EXECUTORS AND ADMINISTRATORS. Evidence *held* sufficient to support finding that daughter and her husband cared for parents during last illness and were entitled to compensation.

5. PARENT AND CHILD. Parents' contract to pay daughter and her husband for caring for them during illness may be implied from all facts and circumstances.[3]

6. NEW TRIAL. New trial for newly discovered evidence *held* properly refused, where parties were fully informed of such evidence before trial.[4]

Appeal from District Court, Third District, Tooele County; *L. B. Wight,* Judge.

Action by Robert E. Shields and wife against Joseph Ekman and another, as executors of the estate of H. C. and Eliza Hanson. Judgment for plaintiffs, and defendants appeal.

AFFIRMED.

*Irvine, Skeen & Thurman,* of Salt Lake City, and *E. LeRoy Shields,* of Tooele, for appellants.

*G. A. Iverson,* of Salt Lake City, and *John B. Gordan,* of Tooele, for respondents.

FRICK, J.

The plaintiffs, husband and wife, commenced this action against the appellants as executors of the estate of H. C.

---

[3] *Mathias* v. *Tingey,* 39 Utah, 561, 118 P. 781, 38 L. R. A. (N. S.) 749.

[4] *Salt Lake Inv. Co.* v. *Stoutt,* 54 Utah, 100, 180 P. 182; *Hydraulic C. B. Co.* v. *Christensen,* 38 Utah, 525, 114 P. 524.

Corpus Juris-Cyc. References:
[1] Witnesses 40 Cyc. p. 2349 n. 62.
[2] Executors and Administrators 24 C. J. p. 286 n. 19.
[3] Executors and Administrators 24 C. J. p. 408 n. 13.
[4] Executors and Administrators 24 C. J. p. 407 n. 94.
[5] Parent and Child 29 Cyc. p. 1657 n. 30.
[6] New Trial 29 Cyc. p. 883 n. 87.

and Eliza Hanson, both of whom died testate. The decedents were the parents of the respondent Eliza Shields, and she is the wife of the respondent Robert G. Shields.

The action was instituted to recover for services which the respondents alleged they had rendered in caring for and nursing the decedents during the last illness of each of them. Mrs. Hanson at the time of her death had attained the age of 75 years, while Mr. Hanson was 70 years of age when he died. Both were afflicted with physical infirmities more or less serious and required care and assistance as well as nursing during a considerable time before their death. Respondents had in due course of administration filed a joint claim against the estate of both decedents. The claim was disallowed by appellants as executors of the estates of the decedents, and this action followed such disallowance.

The district court found all of the issues in favor of respondents and entered judgment in their favor for the sum of $660 for services rendered as aforesaid during two periods of time, aggregating 19 months, as follows: The first period commenced on September 1, 1921, and ended December 31, 1921, and the second period commenced on January 1, 1922, and ended April 30, 1923. During the first period respondents were allowed compensation at the rate of $1.50 per day, while during the second period they were awarded compensation at the rate of $30 per month. This appeal is from the judgment rendered as aforesaid.

In view of the questions presented for decision, we do not deem it necessary to refer specially to the pleadings or to the evidence, and shall do so only as that may be necessary in the course of the opinion in connection with the questions decided.

In establishing their claim, both of the respondents, without objection, were permitted to fully testify respecting the matters in issue, including the oral conversations and communications that passed between them and the decedents respecting the services rendered and the alleged statements and promises of the decedents regarding

the remuneration to be made for the services rendered by respondents for the decedents as well as the reason why the services were rendered.

Although no objections were interposed and no exceptions taken to the testimony of respondents in the court below, appellants, nevertheless, for the first time insist in this court that the testimony of both of the respondents should be disregarded and should not be given any probative force or effect. It is further contended that if such a course is followed there is no evidence to support the findings of fact, conclusions of law, and judgment entered in this case. The question, therefore, is squarely presented whether in the absence of any objections and exceptions to the testimony of the respondents in the court below, this court may, nevertheless, disregard their testimony and set aside the findings and reverse the judgment for the reason last above stated. Appellants' contention is based upon Comp. Laws Utah 1917, § 7123, which, so far as material here, provides:

"The following persons cannot be witnesses: * * *

"A party to any civil action, suit, or proceeding * * * when the adverse party in such action * * * defends * * * as the executor or administrator * * * as to any statement by or transaction with, such deceased * * * or matter of fact whatever, which must have been equally within the knowledge of both the witness and such * * * deceased person, unless such witness be called to testify thereto by such adverse party, so claiming or opposing, suing or defending in such action, suit, or proceeding."

Their counsel insist that the provisions of the foregoing statute absolutely and unconditionally prohibit the parties mentioned in the statute from testifying and that for that reason no objections or exceptions are necessary, and further that the personal representative of the deceased could not waive the statutory prohibition.

The precise question here presented is one of first impression in this jurisdiction. Counsel for appellants cite and rely upon *Clement* v. *Cureton*, 36 Ala. 120; *Gorham* v.

*Gorham,* 41 Conn. 242; *McHugh* v. *Dowds' Estate,* 86 Mich. 412, 49 N. W. 216, and *Hubbell* v. *Grant,* 39 Mich. 641. It must suffice to say that the decisions in the first two cases cited have no application to the question now before us. While the last two cases cited, in part at least, sustain counsel's contention, yet the conclusion of these cases as we shall point out hereafter have been modified in subsequent cases emanating from the same court.

Referring now to the peculiar language of our statute, upon which counsel for appellants specially rely, namely, that the parties mentioned in the statute "cannot be witnesses," we find that the California Code of Civil Procedure, § 1880, subdiv. 3, contains the same language. That section reads:

"The following persons cannot be witnesses: * * * Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted, against an executor or administrator upon a claim, or demand, against the estate of a deceased person, as to any matter or fact occurring before the death of such deceased person."

As the writer views it, the language of that section is more restricted even than is the language of our statute, although our statute in some respects is more specific. The effect to be given to the California statute was considered by the Supreme Court of that state in the case of *Kinley* v. *Largent,* 187 Cal. 71, 200 P. 937. It was contended by the appellants in that case, as it is by the appellants in the case at bar, that the language that parties to actions "cannot be witnesses" was absolute and that no objection or exception was necessary in the court below. Further, that the personal representative of a deceased person could not waive the provisions of the statute. The Supreme Court of California, however, after carefully considering the purpose or object of the statute, unanimously held that the personal representative could waive the provisions of the statute. The court, in the course of the opinion, said:

"The provision of section 1880, subdivision 3, of the Code of Civil Procedure, that parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted, against an executor or administrator, upon a claim, or demand against the estate of a deceased person, as to any matter of fact occurring before the death of such deceased person, cannot be witnesses, may be waived by the personal representative of the decedent."

The foregoing conclusion was arrived at after a very careful consideration of the negative phrase that certain persons "cannot be witnesses." To the same effect is *McClenahan* v. *Keyes*, 188 Cal. 574, 206 P. 454. In view of the authorities, the writer is firmly convinced that no other conclusion than that announced by the Supreme Court of California is permissible. In Jones, Comm. on Ev., vol. 4, § 780, p. 726, the effect of statutes like our section 7123, supra, and the question of waiver are discussed at considerable length. After commenting on the purpose and the effect of statutes conferring the right upon parties to testify contrary to the rule prevailing at common law and of those containing provisions or exceptions like our section 7123, the author says:

"This exception of the statutory rule removing the incompetency of parties was introduced for the benefit of those representing the deceased or incompetent person; and their representatives may, if they choose, waive this privilege. All objection to the competency of a witness, as to transactions with an incompetent or deceased person, will be deemed waived if it is not made at the time that the evidence is given."

Numerous cases from a great many jurisdictions are cited by the author in support of the text just quoted. The reader is respectfully referred to those cases should he desire to examine the numerous authorities upon the subject. It is also pointed out by the author of the text that in view of the decision in the case from New Jersey and the cases cited from Michigan, to which reference has already been made, as the author puts it, there was a "lack in the uniformity

of decision" upon the question of waiver. It is, however, pointed out that the decisions from Michigan and New Jersey were afterwards modified, and that there is now harmony among the decisions that unless timely objection is made by the personal representative the right to assail the testimony given by the parties to the action is waived. The author further points out that the decisions from Michigan and New Jersey had a salutary effect, in that they caused the courts to go deeper into the purpose of the statute which prohibited parties to actions against the personal representative of deceased or incompetent persons to testify. He states that it was found that the absolute prohibition to testify applies only to those statutes which prohibit parties from testifying upon grounds of public policy, and that the absolute prohibition was not intended to apply to statutes like section 7123, supra, which merely applies to private rights, and that, as to the latter statutes, the waiver applies with full force and effect.

This court is, however, in harmony with the overwhelming weight of authority that the privilege conferred by the statute respecting communications to physicians, etc., may and will be deemed waived unless timely and proper objections are made and exceptions taken. See *Grieve* v. *Howard*, 54 Utah, 225, 180 P. 423, where the proposition is ably discussed by Mr. Justice Thurman and the authorities are collated and reviewed. See, also, *Walker* v. *Fields* (Tex. Comm. App.) 247 S. W. 272, where it is held that in case no objection is interposed the testimony of parties when called to testify is entitled to the same probative force or effect as other testimony. No doubt the probative force of such testimony may always be considered in connection with the interest of the parties testifying, but as pointed out by the Supreme Court of Texas, it may be given full probative force and effect by the trier or triers of fact.

We are forced to the conclusion, therefore, that the contention of appellant in this regard is untenable, and therefore should be, and accordingly is, overruled.

It is, however, also contended that although the testimony of respondents be given full force and effect yet the evidence is still insufficient to sustain the findings and judgment. In that connection appellants insist that where services are rendered by a child for a parent the legal presumption is that such services were rendered gratuitously. While ordinarily, where all the interested parties constitute one family, or in effect live as such, the presumption referred to prevails, yet, as pointed out by this court in *Mathias* v. *Tingey*, 39 Utah, 561, 118 P. 781, 38 L. R. A. (N. S.) 749, the presumption does not apply where the child has established a home or business of its own and returns to the home of the parent at the latter's request to render special services for such parent. To that effect is the evidence in this case. The respondents had established a home of their own and were induced, through the necessities of the parents, and at their request, and upon the promise of the father, Mr. Hanson, to give up their home for the time being and to take up their abode with the decedents and take care of them during their illness. Under such circumstances, for the reasons pointed out in *Mathias* v. *Tingey,* supra, and by the Supreme Court of Iowa in *Ridler* v. *Ridler,* 93 Iowa, 347, 61 N. W. 994, the presumption does not prevail.

There was evidence, however, apart from that of respondents, that the services were rendered. For example: One of the executors testified that respondents did render services in caring for the decedents, but he insisted that the amount they demanded therefor was excessive. That was, however, a question for the trial court to determine. There was also evidence from a disinterested witness to the effect that he had heard the decedent, Mr. Hanson, declare on several occasions that if the respondent Mrs. Shields would remain and take care of him that she would be "well compensated" for her services. The contention, therefore, that the evidence is insufficient to support the court's findings respecting the rendering of the services

is wholly without merit. Such is also the case respecting the value of the services rendered. Counsel, however, insist that in such cases a contract or agreement to pay for the services must be established. As pointed out in *Mathias* v. *Tingey,* supra, such a contract may be implied from all the facts and circumstances as in other cases where a contract or agreement must be proved. The evidence was ample to authorize the district court to imply or infer an agreement to pay for the services rendered by the respondents. Nor can the contention prevail that respondents failed to prove the value of the services rendered.

Finally it is contended that the district court abused its discretion in denying appellants' motion for a new trial upon the ground of newly discovered evidence. The difficulty with that contention is that the appellants utterly failed to show that they had used due or any diligence to discover the alleged new evidence. Upon the contrary, it is made to appear from the record that the appellants before the trial of the case were fully informed of the evidence which they, in their affidavits in support of their motion for a new trial, assert constitutes the newly discovered evidence. The district court's ruling on the motion for a new trial, under the repeated decisions of this court, was clearly right upon the ground that no diligence whatever was shown on the part of appellants to discover the alleged new evidence. See *Salt Lake Inv. Co.* v. *Stoutt,* 54 Utah, 100, 180 P. 182. It was there said:

"No matter how material or beneficial the testimony may have been on a new trial, if due diligence was not used" to discover and produce the alleged newly discovered evidence, "the motion for a new trial should not prevail."

To the same effect is *Hydraulic C. B. Co.* v. *Christensen,* 38 Utah, 525, 114 P. 524. The cases decided by this court upon this question are cited in a footnote to the Stoutt Case, supra.

In view of what has been said, it follows that the judgment should be, and it accordingly is, affirmed with costs.

GIDEON, C. J., and THURMAN, CHERRY, and STRAUP, JJ., concur.