In the Matter of **ESTATE** of **David Herman TITTLE, Deceased.**

**Claim of Mattie C. MACON, Appellant.**

Court of Appeals of Tennessee,
Middle Section.

Feb. 25, 1972.

Certiorari Denied by Supreme Court
June 19, 1972.

Hooker, Keeble, Dodson & Harris, Nashville, for claimant-appellant.

Carl H. Oldham, Hendersonville, for executor.

## OPINION

SHRIVER, Presiding Judge.

This is an appeal by Mattie C. Macon from a decree in the County Court of Sumner County, sustaining exceptions to the claim of appellant filed by the Executor of the Estate of David Herman Tittle, deceased, and in denying her claim.

Her claim duly filed in the County Court of Sumner County is as follows:

"CLAIM OF MATTIE C. MACON

"Your petitioner would respectfully show to the Court:

That on July 1, 1965, claimant made an agreement with her brother, the decedent, David Herman Tittle, whereby she would come to decedent's home and take care of him, both as a practical nurse and as a housekeeper, for which claimant would be paid for the value of her services at or before the death of the said David Herman Tittle. That pursuant to this agreement the claimant did leave her home and went to live with her brother and remained with him at his home or at the hospital where he was confined on various occasions for short periods of time until the date of his death on October 7,

1970, except that on two occasions claimant left the home of her brother to visit with other members of her family, one date being August 14, 1968, to September 1, 1968, and the other being from September 16, 1969 to October 28, 1969. Further, the claimant was required to enter the hospital herself for eye surgery on November 7, 1969 and remained away from her brother until March 29, 1970.

Wherefore, claimant avers that she took care of her brother under the aforesaid contract and agreement for a period of 250 weeks, for which as a practical nurse and housekeeper, as well as cook and attendant, she is entitled to be paid at the rate of $100 per week or a total amount of $25,000.

That the claimant has received no part of the aforesaid amount of indebtedness except for the sum of $800 which was advanced to her by the deceased.

HOOKER, KEEBLE,
DODSON & HARRIS

By /s/ Tyree B. Harris
Attorneys for Claimant

STATE OF TENNESSEE
COUNTY OF SUMNER

I, Mattie C. Macon, make oath that the the foregoing claim is a correct, just and valid obligation of the Estate of David Herman Tittle, deceased. That neither I nor any other person on my behalf has received payment thereof, in whole or in part, except such as is credited thereon and no security therefor has been received except as therein stated.

/s/ Mattie C. Macon

Sworn to and subscribed before
me this 12th day of February,
1971.

/s/ Mrs. William M. Pencher
Notary Public

My Commission expires: 12-17-74"

The Executor of the Will of David Herman Tittle, deceased, filed exceptions to the foregoing claim wherein it is asserted that the claimant and the deceased were brother and sister and that, if claimant rendered services to the deceased, the same were rendered gratuitously for love and affection and that the estate is not liable to her in any amount.

It is further set forth in said exceptions that in his Will, David Herman Tittle bequeathed to the claimant, Mattie C. Macon, the sum of $2,500.00, specified as being for assistance rendered the deceased during his illness, also, that the deceased gave to the claimant a sum of money during the last few months of his life for any extraordinary services by reason of his severe illness.

Finally, it is asserted in the exceptions that there was no express contract entered into between the claimant and the deceased for compensation for any alleged services and that, upon the facts, there could be no implied contract.

After hearing the testimony of claimant and several witnesses who testified in her behalf, and the testimony of the Executor and his witnesses, the following Order was entered:

"This cause came on to be heard upon the entire record, together with the testimony of witnesses heard in open court; from all of which it appeared to the court that the exceptions hereto filed by the Executor to the claim of Mattie C. Macon are proper and should be sustained.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the exceptions filed to the claim of Mattie C. Macon in the Estate of David Herman Tittle be and the same are hereby sustained and the claim of Mattie C. Macon is disallowed.

To the entire action of the Court claimant, Mattie C. Macon, respectfully excepts and prays an appeal to the next term of the Court of Appeals sitting at Nashville, which appeal the Court is pleased to grant and the claimant is given

thirty (30) days within which to file her appeal bond and ninety (90) days within which to otherwise perfect her appeal.

O. K. FOR ENTRY:

/s/ Carl H. Oldham
    Attorney for Executor

HOOKER, KEEBLE,
DODSON & HARRIS

By /s/ Tyree B. Harris
    Attorney for Claimant,
    Mattie C. Macon

        /s/ I. C. McMahan
          County Judge"

From the foregoing order, the claimant appealed and has assigned errors.

– ASSIGNMENTS OF ERROR –

There are four assignments, as follows:

"1. The lower court erred in sustaining the exceptions of the Executor and in dismissing the claim of the appellant, Mattie C. Macon.

That this was error because the evidence preponderates against the decree of the lower court and in favor of the validity of the appellant's claim.

2. The lower court erred in basing its decree disallowing the claim of Mattie C. Macon upon an erroneous declaration of the law that the burden was upon the plaintiff to prove *beyond question* that a contract for compensation existed between the claimant and her brother.

That this was error because the burden of proof cast upon the plaintiff was only to the preponderance of the evidence and not as in criminal cases beyond a reasonable doubt or beyond question.

3. That the learned lower court erred in dismissing the claim of Mattie C. Macon based upon the erroneous conclusion that there was a presumption that Mrs. Macon, as the sister of the deceased, performed the services gratuitously and out of love and affection, all without regard to the rule that no such presumption applies when the services are 'of an extraordinarily burdensome nature, over a long period of time.'

4. The learned lower court erred in dismissing the claim of Mattie C. Macon based upon the erroneous conclusion that an actual contract to compensate Mrs. Macon must have been proven before a recovery could be had without regard to the law that a contract may be implied where there is a request for the services and the furnishing thereof."

– THE FACTS AND OUR
CONCLUSIONS –

There is very little dispute about the facts in this case; hence, we will not review them in any great detail.

Mrs. Macon, the claimant, testified that she was the sister of David Herman Tittle, now deceased, he and she being the two youngest children of a large family, and that they were very close throughout their lives.

She further testified that in 1965, while she was living in her own home at Madison, Tennessee, her brother, David Herman, who had lost his wife, became ill and, at his request, she moved into his home on the Gallatin Pike in Sumner County, where she remained most of the time for the ensuing five years and until his death on October 7, 1970. She stated that she continued to own her home and maintained it but it was locked up for nine months after she moved into the house with her brother and, after that time, she rented it to tenants.

She kept a diary from the time she went to live with her brother. In the course of her testimony she stated that about once a year she went to visit with some of her relatives for a few weeks and then returned to her brother's home where she cooked for him, washed his clothes, waited on him as a practical nurse and otherwise, she having

had eight years experience as a practical nurse before going to her brother's home.

She described many of the duties she performed, including such menial duties as cleaning up after him when he soiled his clothes, bedclothes, etc.

For some time before his death he was afraid to stay in the room alone and so she would stay near him until he fell asleep and then retired to the room next to him where she was subject to call at all hours of the day and night.

She was asked if it was her intention that she be paid for these services or if she was performing them free of charge, to which she answered: "No, I wasn't staying free, no indeed."

She was then asked the question and answered as follows:

"Q. You can't tell what the understanding was or any extent of it, but did you have an understanding about it. Just yes or no.

A. Yes."

Thereupon, the attorney for the Executor interposed an objection and, after some discussion, the Court overruled the objection.

She further testified that she had had an eye operation and became sick and had to go home in the early part of 1970, whereupon, William Tittle, the Executor, and his wife stayed with David Herman Tittle for about a month and then left. Thereupon, Mrs. Macon was called and asked to go back to her brother's house, to which she responded that she was not well enough to do so, however, she was persuaded to go back with the understanding that she would be advanced $100.00 a month to cover the expense of her medicine, etc., and, after she returned, she was paid a total of $600.00 up to the time her brother died.

In support of her claim, Mrs. Macon introduced several members of the family as witnesses.

Mrs. Silas Heady, a niece of Mr. Tittle and the claimant, corroborated Mrs. Macon as to the service she rendered the deceased, stating that Mrs. Macon did his laundry, cooking, housecleaning, tending to the medicines he required and waited on him as any nurse would do. She further testified that Mr. Tittle had told her that he had promised Mrs. Macon that if she would stay with him, he would take care of her and would take care of her well, because he did not have anyone else that he could depend upon to take care of him. In this connection she mentioned the sum of $25,000.00, however, the testimony was interrupted and was not clarified on this point.

Mrs. Sam McCord, another niece, testified that Mrs. Macon had cooked, washed, ironed and waited on her uncle like he was a baby, and that on two occasions the deceased had stated to her that he intended to take care of the claimant for staying there and waiting on him while he was sick.

Mr. Harvey Clendenning, who married a niece of the deceased, testified that he had visited Mr. Tittle on a number of occasions and verified the fact that Mrs. Macon had worked and waited on him during the last years of his life. He further testified that on at least two or three occasions Mr. Tittle had told him that he was going to take care of the claimant for being so good to him.

Mr. William Moreland, a nephew of the parties, corroborated the testimony of these several witnesses.

Mrs. Ollie Stinnett, a registered nurse, testified that at the time Mrs. Macon was attending her brother, practical nurses in that area were being paid at the rate of $10.00 for an eight hour shift.

The Executor testified and did not deny the care and attention that Mrs. Macon had given her brother during the last five years of his life, and stated that Mrs. Ma-

con was there all of the time that she testified about.

On being asked about the value of the estate of Mr. Tittle, the deceased, he stated that he, as Executor, had a bank account of approximately $38,000.00 and had been offered $125,000.00 for the land of the deceased. The value of the estate was estimated to be approximately $200,000.00.

In the Last Will and Testament of David Herman Tittle, he made the following provisions:

"ITEM 2. I give, devise and bequeath unto my sister, MATTIE C. MACON, of MADISON, TENNESSEE, the sum of TWO THOUSAND FIVE HUNDRED DOLLARS ($2,500.00) for the assistance to me during my illness.

ITEM 3: All the rest, residue and remainder of my estate, real, personal and mixed, of every nature and wheresoever situated, including lapsed legacies and devises, remainders, and all other properties, I give, devise and bequeath as follows:

ONE-THIRD (⅓) to my nephew, WILLIAM TITTLE, of HENDERSONVILLE, TENNESSEE.

ONE-THIRD (⅓) to PHILLIP GIBBONS for so long as he lives. At his death, I give, devise and bequeath all the remainder of said share of the property that has not been used to WILLIAM TITTLE and the HENDERSONVILLE PRESBYTERIAN CHURCH.

ONE-THIRD (⅓) to the HENDERSONVILLE PRESBYTERIAN CHURCH to be used as the proper church authorities deem most advantageous."

At the conclusion of the introduction of the evidence and after a brief argument by counsel for the parties, the Court made the following statement as to his conclusions:

"The legal presumption is that the service was performed out of love and affection unless there was a contract on the part of the deceased to pay. I'm also taking into consideration that due to the fact that he left her something in his Will for her services that he did not intend to compensate her. I believe that Mrs. Macon testified that he had given her six hundred dollars. It doesn't seem to be clear exactly what that was for, whether it was for compensation for her services performed or for medicine that she was taking. To me, it is just a question of whether the contract has been proved beyond question. My ruling on it is going to be that there is not sufficient proof of the contract and due to the fact of the close relationship . . . . . Like I said, the legal presumption is that it was done through love and affection between brother and sister, or father and son, or anybody that close. There is a question in my mind about the contract or about the proof of a contract. That's the way I'm going to rule, that there wasn't sufficient proof given about the contract and I'm going to hold that the claim is not valid."

The latest reported decision of the Appellate Courts of Tennessee dealing with the issues involved in the case at bar is Adams, Executor, v. Underwood, a decision of the Supreme Court of Tennessee of June 7, 1971, reported in 470 S.W.2d 180, and not yet included in the Tennessee Reports.

In that case the Supreme Court granted certiorari to review a judgment of the Court of Appeals, Middle Division, but copied into its Opinion the entire Opinion of the Court of Appeals, and stated that this course was followed in order to elaborate on some of the holdings in the Court of Appeals Opinion.

In the Adams case it was said that the amount of recovery allowed to a child for services rendered to a parent may not be

based upon speculation, but it may be, and usually is, based on estimation.

The Opinion further states that exceptional facts and circumstances adequate to sustain a recovery by a child for services rendered to a parent are not facts which prove rendition of arduous, valuable services, but facts which will establish an intention on the one part to charge and on the other to pay. The Opinion proceeds:

"Where claimant, by pre-arrangement with her father, gave up her established home and moved into her father's home, not for the purposes of reestablishing family relationship, but for the purpose of rendering services to her father, the presumption that the services were gratuitous did not apply and claimant was entitled to recover for the services she rendered her father in the last 63 months of his life."

In the Court of Appeals Opinion, which was adopted, it was stated:

"The issue of law presented here is whether or not special circumstances may create a valid claim for services to deceased, even in the absence of contract, intention to pay or intention to be paid."

In elaborating on the issues, the Supreme Court referred to several cases from other jurisdictions and, among other things, said:

"In Mathias v. Tingey, 39 Utah, 561, 118 P. 781, 38 L.R.A.,N.S. 749, it was held that an adult child who was no longer a member of the parent's family but was supporting himself through his own efforts, who returned to his parent's home at the parent's request to perform certain services for the parent would not be prevented from recovering by the gratuity presumption, which would lose its full force and effect in such a case."

We are persuaded to believe that the ends of justice would be best served in the instant case if we remanded the cause to the County Court of Summer County for a new trial in the light of the decision in the Adams case, supra, and, particularly, in view of what appears to have been a misconception on the part of the Trial Judge as to the burden of proof necessary for Mrs. Macon to sustain her claim. It is to be noted that in his decision the Trial Judge stated: "To me, it is just a question of whether the contract has been proved beyond question." Of course, the claimant is not onerated with any such burden in order to sustain her claim. The applicable rule is that the claimant must sustain her claim by a preponderance of the evidence, which means the greater weight of the evidence as it pertains to the determinative issues under our statutes and the applicable decisions of our Appellate Courts.

Furthermore, we feel that it would be wise to have the benefit of the Trial Judge's consideration and decision as to the amount to be allowed, if he should decide to make any allowance in favor of claimant, rather than for us to undertake to resolve this question in the event we should determine that the claim should be allowed in some amount, which latter question we do not decide at this time.

For the reasons above indicated, the decision of the County Court of Sumner County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

TODD, J., concurs.

PURYEAR, J., not participating.