**M. B. POWERS, James M. Powers and Vern Petersen, dba Powers and Petersen, Plaintiffs and Respondents,**

v.

**GENE'S BUILDING MATERIALS, INC., a Utah Corporation, Defendant and Appellant.**

No. 14812.

Supreme Court of Utah.

July 19, 1977.

Matt Biljanic, Midvale, for defendant-appellant.

Richard H. Thornley, Ogden, for plaintiffs-respondents.

HALL, Justice:

This is an appeal from a jury verdict in favor of plaintiffs awarding damages for breach of contract.

Plaintiffs entered into a contract with one James Hartwell and Clearfield Realty, general contractors, for the construction of two 6-plex apartment units in Brigham City, Utah. Pursuant to a further agreement, plaintiffs agreed to purchase all of the materials for the job from defendant at a guaranteed price of $54,000 to be paid in advance directly to the defendant rather than to the general contractors. As materials were ordered and delivered the cost thereof was charged against a separate ledger account established by defendant, however, part way through the job, at the request of Hartwell, defendant consolidated two other of Hartwell's job accounts with the Brigham City job and the parties stipulated that materials valued at $11,679.45 were delivered to other than the plaintiffs' project and such was the sum the jury found was due and owing from defendant.

Hartwell failed to complete the job and plaintiffs hired others to do so at a cost of $21,000, and after trial, defendant learned that plaintiffs had reached an agreement with Clearfield Realty for reimbursement of that amount.

Defendant assigns as error (1) the refusal of the trial judge to disqualify himself, (2) the refusal to grant a new trial on the basis of after-discovered evidence, and (3) the failure to instruct on the theory of contributory negligence.

■ Defendant acknowledges its first assignment of error is in no manner suggested by the record and that the procedure [1] afforded litigants desirous of disqualifying the trial judge was for various reasons not resorted to. Rather, counsel for defendant chose to discuss the matter privately with the trial judge, outside the presence of plaintiff and opposing counsel, and without the benefit of a record being made. Also, no record was made of a motion claimed to have been made at the same time for a continuance as would afford sufficient time to comply with the rule on disqualification of the judge.

In the absence of a record of any oral or written motions or orders relating thereto,

1. Rule 63, U.R.C.P., sets forth the procedure to be followed to disqualify a judge and which basically provides for the filing of an affidavit, setting forth the alleged bias or prejudice, accompanied by a certificate of good faith by counsel of record.

this court has nothing before it to review in respect to such assignment of error.[2]

 Turning to the second assignment of error, that of the court's refusal to grant a new trial, we hold that such is unfounded. The motion therefor set forth several matters pertaining to the conduct of the trial but basically it was bottomed on the proposition that due to accident, surprise and newly discovered evidence a new trial was warranted.

Rule 59, U.R.C.P., recognizes the grounds asserted in the motion but specifically requires a showing by the moving party that ordinary prudence was exercised to guard against the accident or surprise and that the newly discovered evidence could not, with reasonable diligence, have been discovered and produced at the time of trial.

The record both at the time of trial and at the time the motion was heard reflects adequate support for the ruling.[3] In fact, the evidentiary matters termed as new were reasonable and proper subjects of discovery and could have been obtained by the exercise of ordinary diligence.[4]

 In regard to the final assertion of error based on the court's refusal to instruct the jury on the subjects of contributory negligence, agency and estoppel, the evidence before the court adequately supported its ruling.

It is well recognized that the parties are entitled to have their theories of the case presented to the jury in the form of instructions, but only if they are supported by the evidence.[5]

There is an abundance of substantial evidence to support the verdict of the jury and the court's observation that the evidence did not support the giving of the requested instructions was clearly within its sound discretion. The court's very pertinent observation of the issues is worthy of quotation:

. . . All they (plaintiffs) are saying is, 'We gave you $54,000 for materials and you only gave us $40,000 worth of materials. We want our money back we didn't get our materials for.' And that is all this lawsuit is about, as far as this Court is concerned.

Affirmed. Costs to plaintiffs.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

**2.** Rule 72, U.R.C.P.

**3.** *Law v. Smith*, 34 Utah 394, 98 P. 300.

**4.** *Stewart Min. Co. v. Coulter*, 3 Utah 174, 5 P. 557; *Klopenstine v. Hays*, 20 Utah 45, 57 P.

712; *State v. Moore*, 41 Utah 247, 126 P. 322; *Shields v. Ekman*, 67 Utah 474, 248 P. 122.

**5.** *State Bank of Beaver County v. Hollingshead*, 82 Utah 416, 25 P.2d 612.