BARTON BROTHERS v. HANAUER, KÒHN & CO.

No. 82.

1. RECEIVER —*Power to Appoint.* The district court has no power to appoint a receiver to take possession of property attached in actions wherein the court had acquired no jurisdiction.

2. CASE, *Followed.* The case of *Barton v. Hanauer,* ante, followed.

MEMORANDUM.— Error from Ford district court; A. J. ABBOTT, judge. Action by Hanauer, Kohn & Co. against Julius Wolfsohn and others for an attachment. From an order denying a motion to discharge a certain attachment Barton Brothers bring the case to this court. Reversed. The opinion herein, filed May 12, 1896, states the material facts.

*Milton Brown,* for plaintiffs in error.

*H. F. Mason,* and *M. W. Sutton,* for defendants in error.

The opinion of the court was delivered by

JOHNSON, P. J.: On the 24th day of October, 1893, Hanauer, Kohn & Co. filed their petition in the office of the clerk of the district court of Ford county, Kansas, asking for the appointment of a receiver, and for a determination of priority of liens on certain attached property, in an action wherein Hanauer, Kohn & Co. were plaintiffs and Julius Wulfsohn was defendant, which was attempted to be commenced in said court on the 10th day of October, 1893, in which the district court of Ford county never acquired jurisdiction of either Julius Wulfsohn or the property sought to be reached. *Barton v. Hanauer*, ante, p. 531, which opinion is filed herewith, is referred to, and made the basis for this opinion.

The petition for the appointment of a receiver sets forth that certain parties had commenced suits against Julius Wulfsohn in the district court of Ford county, Kansas, and also, that certain suits had been brought against Wulfsohn & Swartzman, in which suits the parties had acquired valid liens on the property of Julius Wulfsohn by proceedings in attachment, and also sets up certain chattel mortgages and the possession of the property by the mortgagees, and sets out the pretended claim of each party to a lien under the chattel mortgages, and also by attachment proceedings, and upon the filing of such petition the plaintiffs named therein applied to the probate judge of Ford county and obtained an order appointing a receiver, and also an order for the sale of all the goods, wares and merchandise in the store of Julius Wulfsohn and Wulfsohn & Swartzman. Under the appointment of the probate judge, the receiver took possession of the goods, wares and merchandise of

Wulfsohn and of Wulfsohn & Swartzman and sold the same, and made report of his doings therein to the district court; that the goods, wares and merchandise of said Julius Wulfsohn and of Wulfsohn & Swartzman were of the aggregate value of $15,248.86. On the final disposition of the receivership, the district court undertook to determine the rights of all parties in said proceedings, and determined the priority of the liens of each of the parties named in the petition, and also ordered the disposition of the proceeds arising from the sale of said goods.

These proceedings, being based on attempted actions in the district court wherein the court had acquired no jurisdiction, were absolutely unauthorized and void, and should have been set aside, on the motion of Barton Brothers and the Standard Shoe Company. Th orders of attachment, having been issued without authority, were a nullity, and the parties did not obtain any lien on the property of Julius Wulfsohn. The district court of Ford county not having acquired jurisdiction over the person of Julius Wulfsohn or his property, when the attention of the court was called to these matters, it should have dismissed the action and discharged the property from the illegal seizure thereof.

The judgment of the district court is reversed, and the case remanded, for such further proceedings as are indicated in the opinion in the case of *Barton v. Hanauer*, ante, p. 531.

All the Judges concurring.