Wesley **MULHERIN**, Plaintiff and Appellant,

v.

**INGERSOLL–RAND COMPANY,** Defendant and Respondent.

No. 17027.

Supreme Court of Utah.

May 4, 1981.

Taylor D. Carr, Anthony M. Thurber, Salt Lake City, for plaintiff and appellant.

Richard H. Moffat, John L. Young, Salt Lake City, for defendant and respondent.

OAKS, Justice:

Plaintiff's appeal in this tort case presents two issues: alleged error in denying a motion for new trial on the basis of evidence newly discovered in plaintiff's subconscious, and the effect of a defense of misuse on a claim based on strict liability.

The injury occurred when plaintiff, an employee in mining operations, stood on a winch manufactured by defendant in order to detach chains securing drainage hoses. During that operation, a hose came in contact with the winch's throttle-control handle. This started the winch, whose unexpected operation severed plaintiff's left leg above the knee.

The jury's special verdict found (1) that a defective condition existed in the design of the throttle-control valve, which was unreasonably dangerous to the user and which was a proximate cause of the accident, and (2) that plaintiff's standing on the winch was a misuse of the winch, which misuse was a proximate cause of the accident. Holding that the defense of misuse was a complete bar to any recovery on a claim based on strict liability in tort, the district court entered a judgment of no cause of action, and plaintiff took this appeal. There is no challenge to the jury's findings.

■ Following the trial, at which plaintiff had testified about the circumstances of the accident, plaintiff was examined by a clinical hypnotist. On the basis of hypnosis of plaintiff, this practitioner concluded that because of trauma plaintiff had suppressed the accident in his conscious memory, but had retained an accurate memory of the circumstances in his subconscious. Recalled by hypnosis, the true circumstances—in contrast to some of plaintiff's testimony at trial—tended to show that plaintiff had not been guilty of misuse. We find no error in the court's denial of the motion for a new trial based on this "newly discovered evidence." If this evidence was admissible at all (an issue on which we express no opinion), it could "with reasonable diligence, have [been] discovered and produced at the trial." U.R.C.P., Rule 59(a)(4); *Powers v. Gene's Bldg. Materials, Inc.*, Utah, 567 P.2d 174 (1977); *Shields v. Ekman*, 67 Utah 474, 248 P. 122 (1926).

The principal issue in this case is whether a finding of misuse by an injured user should completely bar recovery in a claim based on strict liability in tort, or whether comparative principles should be applied in determining the liability of a defendant who relies on the defense of misuse. We hold that comparative principles should be applied, and therefore reverse the judgment for defendant.

In *Ernest W. Hahn, Inc. v. Armco Steel Co.*, Utah, 601 P.2d 152 (1979), this Court adopted the doctrine of strict products liability described in *Restatement of Torts 2d*, Section 402A, which imposes liability in tort without proof of negligence upon "one who sells any product in a defective condition unreasonably dangerous to the user or consumer . . . ." This is a judicially created rule of liability designed to place the burden of compensation for injuries caused by defective products on the manufacturer or seller without requiring the user or consumer to sustain the burden of proving negligence.[1]

■ The circumstances constituting strict liability under this rule were concededly present in this case. But strict liability in tort is not the equivalent of making the manufacturer or seller absolutely liable as an insurer of the product and its use.[2] Defendants can still urge at least two affirmative defenses in a strict liability case: (1)

1. *Ernest W. Hahn, Inc. v. Armco Steel Co.*, Utah, 601 P.2d 152 (1979); *Butaud v. Suburban Marine & Sport. Goods, Inc.*, Alaska, 555 P.2d 42 (1976); *Greenman v. Yuba Products, Inc.*, 59 Cal.2d 57, 377 P.2d 897, 27 Cal.Rptr. 697 (1962).

2. *Rigby v. Beech Aircraft Co.*, 548 F.2d 288

misuse of the product by the user or consumer, and (2) unreasonable use of the product despite knowledge of the defect and awareness of the danger.[3]

The *Ernest W. Hahn* decision specifically reserved the question presented by this appeal: "whether comparative principles should apply in strict products liability cases, where one of these two defenses lies, in order to diminish recovery by plaintiff, or whether proof by defendant of one of these two defenses bars recovery altogether."[4] The legislative enactment of comparative negligence principles in U.C.A., 1953, § 78–27–37, does not control this case since that statute only applies to the defense of contributory negligence in an action "to recover damages for negligence or gross negligence ...."[5]

In this case, we must decide whether the comparative principles which our Legislature has mandated for actions based on negligence shall also be applied to actions based on judicially created strict liability. We do so in the context of jury findings of concurrent proximate causes of the injury: the defective condition of the winch manufactured by defendant and plaintiff's misuse of the winch.[6] Both parties can therefore be said to be at fault in contributing to plaintiff's injuries.[7] Defendant is legally deficient for placing an unreasonably defective product in the stream of commerce, and plaintiff is legally blameworthy for misusing it. The latter fault should not blot out the consequences of the former, when both were concurrent causes of the accident. Such a result would serve neither the policy behind strict liability (holding manufacturers and sellers responsible for the injuries caused by their products) nor the policy behind the defense of misuse (excusing manufacturers or sellers from liability for injuries attributable to the fault of the user rather than the deficiency of the product).

■■■ In this circumstance, where the faults of both plaintiff and defendant have united as concurrent proximate causes of an injury, we hold that both faults should be considered by the trier of fact in determining the relative burden each should bear for the injury they have caused. The defense of misuse by plaintiff is therefore not a complete bar to any recovery from defendant on the basis of strict liability, but should be applied according to comparative principles. Specifically, we adopt this rule:

> The defense in a products liability case, where both defect and misuse contribute

---

(10th Cir., 1977); *Helene Curtis Industries, Inc. v. Pruitt*, 385 F.2d 841 (5th Cir. 1968); *West v. Caterpillar Tractor Co., Inc.*, Fla., 336 So.2d 80 (1976).

3.  *Jacobsen Construction Co. v. Structo-Lite Engineering, Inc.*, Utah, 619 P.2d 306 (1980) (suggesting the abolition of "assumption of risk" terminology); *Ernest W. Hahn, Inc. v. Armco, supra; Perkins v. Fit-Well Artificial Limb Co.*, 30 Utah 2d 151, 514 P.2d 811 (1973).

    The special misuse defense enacted in U.C.A., 1953, § 78–15–5, does not apply in this case, since here there was no "alteration or modification of the product" which changed its purpose or use from that for which it was designed.

4.  *Ernest W. Hahn, Inc. v. Armco*, 601 P.2d at 159.

5.  In other states, similar comparative negligence statutes have been held applicable to claims based on strict liability in tort, either by equating the term "negligence" in the statute with "causation" or "fault" to allow for comparing fault or causation, or by reasoning that since the statutory terms did not preclude application in strict liability actions, the court was free to allow it. *Murray v. Fairbanks Morse*, 610 F.2d 149 (3d Cir. 1979); *Stueve v. American Hondo Motors Co., Inc.*, 457 F.Supp. 740 (D.Kansas 1978); *Sun Valley Airlines, Inc. v. Avco-Lycoming Corp.*, 411 F.Supp. 598 (D.Idaho 1976); *Hagenbuch v. Snap-on Tools Corp.*, 339 F.Supp. 676 (D.N.H.1972); *Kennedy v. City of Sawyer*, 4 Kan.App. 545, 608 P.2d 1379 (1980); *Busch v. Busch*, Minn., 262 N.W.2d 377 (1977); *Suter v. San Angelo Foundry and Mach. Co.*, 81 N.J. 150, 406 A.2d 140 (1979); *Baccelleri v. Hyster Co.*, 287 Or. 3, 597 P.2d 351 (1979).

6.  The jury was instructed that misuse is the "abnormal or unintended use of the product in question if such use was not reasonably foreseeable."

7.  As used in this context, the word "fault" is not synonymous with "negligence," but instead connotes responsibility. E. g., Wade, Products Liability and Plaintiff's Fault—The Uniform Comparative Fault Act, 29 Mercer L.Rev. 373 (1978).

to cause the damaging event, will limit the plaintiff's recovery to that portion of his damages equal to the percentage of the cause contributed by the product defect. *General Motors Corp. v. Hopkins*, Texas, 548 S.W.2d 344, 352 (1977); *Butaud v. Suburban Marine & Sport. Goods, Inc.*, Alaska, 555 P.2d 42 (1976).[8]

Other courts have rejected the application of comparative fault principles to strict liability claims because culpable conduct is not at issue in strict liability, only causation.[9] We find this unpersuasive. There may be semantic difficulties in comparing strict liability and negligence, but we believe that judges and juries will have no difficulty assigning the relative responsibility each is to bear for a particular injury when the ultimate issues in such comparisons are relative fault and relative causation. The trier of fact's comparing of defendant's strict liability against plaintiff's misuse is no more anomalous than the use of plaintiff's contributory negligence as an absolute defense to defendant's breach of warranty, which this Court approved in *Vernon v. Lake Motors*, 26 Utah 2d 269, 488 P.2d 302 (1971). The question of proximate causation, which the Court referred to in that case, is a common element in this one as well.

In contrast to the statutory limitation governing the application of comparative principles in the case of negligence and contributory negligence,[10] the rule we adopt for strict liability will not altogether bar recovery where plaintiff's relative fault and causation exceeds that of defendant. We decline to express any opinion on other questions that may arise in the application of comparative principles to defenses to claims based on strict liability.[11]

The judgment is reversed, and the case is remanded to the district court for further proceedings in which the jury's special verdict, not having been appealed, will be res judicata between the parties. Costs to appellant.

WE CONCUR:

MAUGHAN, C. J., and HALL, STEWART and HOWE, JJ., concur.

---

8. See generally, Comment, "Strict Products Liability in Utah Following *Ernest W. Hahn Inc. v. Armco Steel Co.*," 1980 Utah L.Rev. 577, 592–600.

Cases illustrating judicial application of other defenses in strict liability cases include: *Edwards v. Sears, Roebuck and Co.*, 512 F.2d 276 (5th Cir. 1975); *Daly v. General Motors Corp.*, 20 Cal.3d 725, 575 P.2d 1162, 144 Cal.Rptr. 380 (1978); *West v. Caterpillar Tractor Co., Inc.*, Fla., 336 So.2d 80 (1976); *Thibault v. Sears, Roebuck and Co.*, 118 N.H. 802, 395 A.2d 843 (1978).

9. *Melia v. Ford Motor Co.*, 534 F.2d 795 (8th Cir. 1976); *Kinard v. Coats*, 37 Colo.App. 555, 553 P.2d 835 (1976); *Seay v. Chrysler Corp.*, 93 Wash.2d 319, 609 P.2d 1382 (1980).

10. The comparative principle enacted by U.C.A., 1953, § 78–27–37 is limited to circumstances where the contributory negligence "was not as great as the negligence or gross negligence of the person against whom recovery is sought."

11. For example, there is no occasion on the facts of this case to determine whether some kinds of "misuse" are so foreseeable that the manufacturer or seller is bound to anticipate and protect against them, so they are not available as a defense to strict liability. E. g., *Polk v. Ford Motor Co.*, 529 F.2d 259 (8th Cir. 1976); *Hoppe v. Midwest Conveyor Co.*, 485 F.2d 1196 (8th Cir. 1973). At the opposite extreme, there is no occasion to express any opinion on the possibility that some kinds of "misuse" are so extraordinary or unforeseeable that they entirely override the causative effect of a possible defect. E. g., *McDevitt v. Standard Oil Company of Texas*, 391 F.2d 364 (5th Cir. 1968); *Helene Curtis Industries, Inc. v. Pruitt*, 385 F.2d 841 (5th Cir. 1968); *Ford Motor Co. v. Eads*, 224 Tenn. 473, 457 S.W.2d 28 (1970).