933 F.2d 1019
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Will David COLE, Plaintiff-Appellant and Cross-Appellee,
v.
HERMAN'S, a corporation, Defendant-Appellee,
and
E.I. Dupont de Nemours & Co., Defendant-Appellee and Cross-Appellant.
 Nos. 90-4033, 90-4036.
 United States Court of Appeals, Tenth Circuit.
 May 22, 1991.
 
 Before TACHA and SETH, Circuit Judges, and BRATTON, District Judge.*
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 Plaintiff-appellant Will Cole appeals a grant of motion for directed verdict and a denial of motion for a new trial following a jury verdict in Cole's favor in a diversity action against defendant-appellant E.I. Dupont de Nemours & Co. (Dupont) for strict liability and defendant Herman's for negligence. Cole has settled his claim against Herman's. On appeal, Cole argues the district court erred by: (1) not allowing him to present the issue of punitive damages to the jury, (2) permitting the jury to rely on the simple negligence of a plaintiff as a defense against strict liability, and (3) deciding the jury's finding of misuse was not contrary to the great weight of the evidence presented at trial. Dupont accepts the jury verdict and the district court judgment. If we reverse the district court and rule as a matter of law on any fact issue, however, Dupont argues the plaintiff's claims are barred as a matter of law because the plaintiff and Herman's conduct constitutes an intervening cause of the injury. We exercise jurisdiction under 12 U.S.C. Sec. 1291 and affirm the district court. Because we do not rule as a matter of law on any fact issue, we dismiss Dupont's cross-appeal.
 
 
 2
 Cole contends he was entitled to have the issue of punitive damages submitted to the jury. In reviewing a district court ruling on a motion for a directed verdict, we apply the same standard the district court applies. Guilfoyle v. Missouri, K. & T. R.R., 812 F.2d 1290, 1292 (10th Cir.1987). We view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences for that party. See Transpower Constructor v. Grand River Dam Auth., 905 F.2d 1413, 1416 (10th Cir.1990). "If the defendant in a ... civil case moves for ... a directed verdict based on a lack of proof of a material fact, the [court] must ask ... not whether ... the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). We reverse a directed verdict for the defendant only if reasonable jurors could find the plaintiff is entitled to a verdict. See id.
 
 
 3
 Punitive damages in Utah are governed by statute. According to section 78-18-1 of the Utah Code,
 
 
 4
 punitive damages may be awarded only if compensatory or general damages are awarded and it is established by clear and convincing evidence that the acts or omissions of the tortfeasor are the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others.
 
 
 5
 Utah Code Ann. Sec. 78-18-1 (1990). Thus, we must determine from the record whether there is clear and convincing evidence of "willful and malicious conduct" or "conduct that manifests a knowing and reckless indifference."
 
 
 6
 Cole points to evidence in the record Dupont knew the smokeless powder could be misused, replaced the warning on the package with a more protective warning, and then failed to recall all product on the shelves with the allegedly inadequate warning. The record shows Cole purchased and used smokeless powder that Dupont had not recalled. Although Dupont's failure to recall the smokeless powder may be negligent, there is no evidence this conduct was "willful and malicious" or "manifests a knowing and reckless indifference" towards Cole. We hold the district court did not err in granting a directed verdict on the issue of punitive damages.
 
 
 7
 Cole also argues that simple negligence of a plaintiff is not a defense against strict liability in Utah. Our review of Utah law shows Utah courts have not precluded the possibility a plaintiff's negligence may operate as a partial defense against strict liability. See Mulherin v. Ingersoll-Rand Co., 628 P.2d 1301, 1302 (Utah 1981) ("Defendants can still urge at least two affirmative defenses in a strict liability case: (1) misuse of the product by the user or consumer, and (2) unreasonable use of the product despite knowledge of the defect and awareness of the danger." (emphasis added)). Because Cole concedes misuse may be a partial defense for strict liability and the jury found by special verdict Cole misused the product, however, we need not reach the question whether Utah law also recognizes simple negligence as a defense.
 
 
 8
 Finally, Cole contends the jury's finding of misuse was contrary to the great weight of the evidence presented at trial. We review a district court's ruling on a judgment notwithstanding the verdict under the same standard as a directed verdict. Zimmerman v. First Fed. Sav. & Loan Ass'n, 848 F.2d 1047, 1051 (10th Cir.1988). "Under this standard, we may find error [in the denial of a judgment n.o.v.] only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party for whom the jury has found." Id. The record indicates Cole purchased and used smokeless powder manufactured by Dupont in a gun that required black powder. Further, the record shows Cole used an amount of that powder almost double the amount of black powder he should have used. An expert witness testified that the accident would not have happened but for the excessive amount of powder Cole used. We cannot say the evidence regarding misuse only favors Cole and is susceptible to no reasonable inference supporting the special verdict for Dupont. We AFFIRM the district court and DISMISS the cross-appeal.
 
 
 
 *
 The Honorable Howard C. Bratton, Senior District Judge for the District of New Mexico, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3