S.H., a minor, By and Through her guardian ad litem and mother, Ramona ROBINSON, Plaintiff and Appellant,

v.

Joseph (J.R.) BISTRYSKI, Defendant and Appellee.

No. 950170.

Supreme Court of Utah.

Sept. 10, 1996.

Lewis R. Hansen, Salt Lake City, for plaintiff and appellant.

John R. Lund, Julianne Blanch, Salt Lake City, for defendant and appellee.

RUSSON, Justice:

S.H., a minor, by and through her mother Ramona Robinson, appeals from a jury verdict and judgment finding Robinson 88% at fault and Joseph Bistryski 12% at fault for the injuries suffered by S.H. as a result of her encounter with Bistryski's dog. The jury apportioned fault between Bistryski, who was strictly liable for the injury committed by his dog pursuant to section 18–1–1 of the Utah Code, and Robinson. We affirm in part, reverse in part, and remand for a new trial.

## FACTS

In July 1992, S.H., then three years old, was visiting her aunt's residence in Duchesne, Utah, when Joseph Bistryski's dog, Cavik, bit her. Bistryski lives across the street from S.H.'s aunt, and Cavik was chained to a car in Bistryski's driveway at the time of the incident.

This case was brought on behalf of S.H. by and through her mother and guardian ad litem Ramona Robinson, hereinafter referred to as plaintiff. Plaintiff filed a complaint against Bistryski for damages arising out of her injuries, alleging strict liability under section 18–1–1 of the Utah Code and negligence. Bistryski asserted in his answer:

> The Defendant's liability, if any, is limited to that percentage or proportion of the damages proven by plaintiff which is equivalent to the percentage or proportion of fault, as defined in Utah Code Ann. § 78–27–37(2), attributed to this defendant. Utah Code Ann. § 78–27–40. In this regard, defendant is informed and believes that the persons having control and custody of the minor at the time of the alleged incident may have fault for failing to proper [sic] supervise her activities and care for her.

On the morning of trial, a hearing was held to determine whether comparative fault prin-

ciples should apply to the strict liability "dog bite" statute. Apparently to preclude the application of comparative fault, plaintiff moved to strike the negligence cause of action from her complaint and proceed only on the strict liability cause of action. The trial court permitted her to do so. However, the trial court ruled that comparative fault was also applicable to the strict liability dog bite statute, stating:

[E]ven though the [dog bite] statute provides for strict liability, I am going to say that there are defenses that are still available to that. There has to be. Because under any conceivable set of facts in a dog bite case provided for strict liability, my understanding of that is it just gets away from the necessity of having to ... get around the prior bite rule. Nobody has to show it's a vicious dog or that he's bitten before. All it does is say you are on it with both guns if your dog bites somebody. But it still seems to me, though, and this is my ruling, that the defenses of assumption of risk, comparative negligence, and all those defenses still ought to be applied to it.

As a result of the trial court's ruling, the special verdict form included a question regarding the fault, if any, of Robinson, as well as a question asking the jury to proportion fault between Robinson and Bistryski.

During the trial, plaintiff attempted to cross-examine a witness regarding a prior biting incident involving Bistryski's dog. Bistryski objected on the ground that this evidence was irrelevant to the dog owner's strict liability. The trial court sustained the objection and instructed the jury to disregard the question. Counsel for plaintiff continued with a new line of questioning.

During closing arguments, Bistryski's counsel argued to the jury that on the basis of the testimony presented, it was apparent that Robinson negligently supervised S.H. He urged the jury to consider Robinson's negligence in apportioning fault between

Robinson and Bistryski for the injury sustained by S.H.

The trial court instructed the jury that if the fault of two or more persons combine to produce an injury, they must share liability in proportion to their individual fault. The jury was instructed as to the strict liability of a dog owner for injuries caused by the dog regardless of the owner's negligence and was also instructed as to the elements of negligence and proximate cause as may or may not pertain to Robinson. The trial judge also prepared a special verdict form containing questions to be answered by the jury in regards to both Bistryski and Robinson. The jury returned the special verdict form as follows:

1. Did Mr. Bistryski's dog commit injuries to [S.H.]? ·

Answer: <u>YES</u>

2. Was Ramona Robinson at fault as alleged by defendant?

Answer: <u>YES</u>

3. If you have answered the preceding question yes, was that fault a proximate cause of injuries to [S.H.]?

Answer: <u>YES</u>

4. Considering the fault, if any, that you have found on Mr. Bistryski, and the fault, if any, that you have found on Ramona Robinson to total 100 per cent, what percentage of the fault is attributable to:

A. Mr. Bistryski: <u>12%</u>

B. Mrs. Robinson: <u>88%</u>

5. State the amount that you find will fairly and reasonably compensate [S.H.] for the injuries she has sustained:

A. Special Damages: $468.00

B. General Damages: <u>$0</u>

(Emphasis denotes jury responses.) [1]

Thus, the jury found that Bistryski's dog indeed injured S.H. but also found that Robinson was at fault and that her fault was a

---

1. Robinson was added to the special verdict form

although she was not an individual party to the

proximate cause of her daughter's injuries. The jury apportioned 12% fault to Bistryski and 88% fault to Robinson. Special damages in the amount of $468 were assessed. The trial court subsequently entered judgment in favor of S.H. for $56.16, which represented 12% of the $468 damage award.

In appealing from the jury verdict and judgment, plaintiff raises two issues: (1) whether the comparative fault provisions of Utah's Liability Reform Act apply to section 18–1–1 of the Utah Code, the strict liability dog bite statute, and if so, (2) whether a plaintiff may present evidence of negligence on the part of a strictly liable dog owner for purposes of apportioning fault.

Plaintiff argues on appeal that the trial court erred in applying comparative fault principles to section 18–1–1 because comparative fault does not apply to strict liability statutes. If comparative fault does apply, however, plaintiff argues that the trial court erred in preventing her from offering evidence of the dog's disposition to establish the degree of the dog owner's negligence for comparative purposes. Finally, plaintiff argues that S.H., a child under the age of seven at the time of her injury, was legally incapable of committing negligence under Utah law.

Bistryski argues, on the other hand, that comparative fault may be applied to strict liability cases on the basis of the explicit language of the Liability Reform Act and Utah case law. He also argues that the trial court properly excluded evidence of the dog's disposition because the plain language of the dog bite statute renders evidence of prior bites immaterial. Finally, Bistryski argues that the victim's age at the time of injury is irrelevant to this case because the jury was not asked to consider S.H.'s fault but rather that of her mother.

action. However, neither party objected to the special verdict form at trial nor raises any issue on appeal regarding the special verdict form.

2. We note that we recently decided another dog bite case, *Sharp v. Williams*, 915 P.2d 495 (Utah 1996), in which the plaintiff asserted both a common law negligence cause of action and strict liability under section 18–1–1 of the Utah Code. We held that the jury's finding of 50%

## STANDARD OF REVIEW

The applicability of the comparative fault provisions of the Liability Reform Act to section 18–1–1 of the Utah Code requires an interpretation of the relevant statutory provisions. Such a determination raises a question of law which we review for correctness. *Ong Int'l (U.S.A.) Inc. v. 11th Ave. Corp.*, 850 P.2d 447, 455 (Utah 1993). Whether a plaintiff may, in such a case, present evidence of negligence of a strictly liable dog owner on the issue of damages is also a question of law which we review non-deferentially for correctness. *Id.* However, a trial court's "rulings regarding admissibility will not be overturned 'unless it clearly appears that the lower court was in error.'" *Whitehead v. American Motors Sales Corp.*, 801 P.2d 920, 923 (Utah 1990) (quoting *State v. Gray*, 717 P.2d 1313, 1316 (Utah 1986)).

## ANALYSIS

We first address whether the comparative fault provisions of Utah's Liability Reform Act, sections 78–27–37 and –38 of the Utah Code, apply to Utah's dog bite statute, section 18–1–1 of the Utah Code.[2] In interpreting these provisions, we are guided by the principle that a statute is generally construed according to its plain language. *Nelson v. Salt Lake County*, 905 P.2d 872, 875 (Utah 1995); *Schurtz v. B.M.W. of N. Am., Inc.*, 814 P.2d 1108, 1112 (Utah 1991). Only if we find ambiguity in the statute's plain language need we turn to other methods of statutory interpretation. *World Peace Movement v. Newspaper Agency Corp.*, 879 P.2d 253, 259 (Utah 1994).

Section 18–1–1 of the Utah Code establishes that dog owners are strictly liable for

contributory negligence on the part of the plaintiff was not supported by the evidence and remanded for a new trial. *Id.* at 499. However, we declined to address whether a comparative negligence jury instruction was proper under section 18–1–1 because this issue was not briefed and because the instruction was proper under the common law claim in any event. *Id.* at 500.

injuries committed by their dogs. This section provides in relevant part:

> Every person owning or keeping a dog shall be liable in damages for injury committed by such dog, and it shall not be necessary in any action brought therefor to allege or prove that such dog was of a vicious or mischievous disposition or that the owner or keeper thereof knew that it was vicious or mischievous. . . .

The dog bite statute simply provides that the owner of a dog shall be liable in damages for injury committed by the dog. It does not, however, state that the owner shall be liable for *all* damages. While the owner is liable, other parties may also be liable or may have proximately contributed to the injury.

Utah's Liability Reform Act specifies that a defendant's liability for damages be limited to the proportion of fault attributed to that defendant:

> No defendant is liable to any person seeking recovery for any amount in excess of the *proportion of fault* attributed to that defendant. . . .

Utah Code Ann. § 78–27–38(3) (emphasis added).

Section 78–27–37 of the Utah Code defines "fault" to include strict liability:

> "Fault" means any actionable breach of legal duty, act, or omission proximately causing or contributing to injury or damages sustained by a person seeking recovery, including negligence in all its degrees, contributory negligence, assumption of risk, *strict liability*, breach of express or implied warranty of a product, products liability, and misuse, modification or abuse of a product.

(Emphasis added.) By including "strict liability" in the definition of fault, the legislature clearly intended comparative fault principles to be applied to strict liability claims, and nothing in the language of the Act suggests that a defendant dog owner who is strictly liable should pay damages in excess of his or her proportion of fault. Thus, although dog owners are strictly liable for damages arising out of injuries committed by their dogs, the percentage of those damages which the owner must pay is determined by the comparative fault provisions of the Liability Reform Act. The fault of another party may have contributed to the injury and may preclude finding a dog owner responsible for 100% of the damages arising out of such injuries.

This conclusion is not novel. We have previously held that comparative fault applies to a strict liability action. In *Mulherin v. Ingersoll–Rand Co.*, 628 P.2d 1301, 1303 (Utah 1981), a products liability case, we concluded that where one party was strictly liable but the other party was negligent and both proximately caused the plaintiff's injury, the plaintiff's recovery was subject to the application of comparative fault. We stated:

> Other courts have rejected the application of comparative fault principles to strict liability claims because culpable conduct is not at issue in strict liability, only causation. We find this unpersuasive. There may be semantic difficulties in comparing strict liability and negligence, but we believe that judges and juries will have no difficulty assigning the relative responsibility each is to bear for a particular injury when the ultimate issues in such comparison are *relative fault and relative causation.*

628 P.2d at 1304 (footnote omitted) (emphasis added).

Other jurisdictions have also applied comparative fault principles to their strict liability dog bite statutes. *See Howard v. Allstate Ins. Co.*, 520 So.2d 715, 718–19 (La.1988) (applying "comparative causation" principles in which fact finder compares causal effect of plaintiff's conduct with that of defendant's nonnegligent fault); *Budai v. Teague*, 515 A.2d 822, 824 (N.J.Super.Ct.Law Div.1986) (victim comparatively negligent if he knew of dog's viciousness or his deliberate acts were intended to incite the animal but not if his actions constituted ordinary carelessness); *Nelson v. Hansen*, 10 Wis.2d 107, 102

N.W.2d 251, 258 (1960) (where dog owner pleaded contributory negligence on part of plaintiff, plaintiff allowed to show negligence of dog owner for comparative purposes). *See generally* Ward Miller, Annotation, *Modern Status of Rule of Absolute or Strict Liability for Dogbite,* 51 A.L.R.4th 446, 466–68 (1987).

While some jurisdictions have held that comparative fault is not applicable to their strict liability dog bite statutes, such cases have turned on the unique language of their particular statutes. For instance, Minnesota's statute provides:

> "If a dog, *without provocation,* attacks or injures any person who is *peaceably conducting himself in any place where he may lawfully be,* the owner of the dog is liable in damages to the person so attacked or injured *to the full amount of the injury sustained.*"

*Seim v. Garavalia,* 306 N.W.2d 806, 808 (Minn.1981) (emphasis added) (quoting Minn. Stat. § 347.22 (1980)). The Minnesota Supreme Court held that because the statute had built-in defenses, the legislature intended to impose absolute liability when the conditions of the statute were met. *Id.* at 812; *see also Donner v. Arkwright–Boston Mfrs. Mut. Ins. Co.,* 358 So.2d 21, 26 (Fla.1978) (holding that built-in statutory defenses preclude common law defenses); *Pulley v. Malek,* 25 Ohio St.3d 95, 495 N.E.2d 402, 404 (1986) (same). However, unlike the dog bite statutes in these states, Utah's statute does not contain built-in statutory defenses, and therefore, these cases are unpersuasive.

On the basis of the plain language of the comparative fault provisions of the Liability Reform Act, sections 78–27–37 and –38, the strict liability dog bite statute, section 18–1–1, and our past case law applying comparative fault to strict liability, we hold that the comparative fault provisions apply to Utah's strict liability dog bite statute. Therefore, the trial court did not err in submitting this case to the jury with a comparative fault instruction.

■ We next address whether a plaintiff should be allowed to offer evidence of a dog owner's negligence, although the owner is strictly liable under section 18–1–1, for purposes of applying the comparative fault provisions of the Liability Reform Act. Plaintiff argues that the trial court erred in excluding her evidence that the dog had previously bitten someone else. She maintains that if a plaintiff is not allowed to present evidence of the dog's vicious disposition or history of prior bites to establish the dog owner's negligence, the jury will only consider evidence of the plaintiff's negligence, placing the plaintiff in a greatly disadvantaged position.

On the other hand, Bistryski argues that the plain language of the dog bite statute makes evidence of the dog's disposition immaterial. Further, Bistryski argues that even if the trial court erred in excluding plaintiff's evidence at trial, she has not demonstrated that such error was prejudicial.

Section 18–1–1 specifically states that "it shall not be necessary in any action brought [for injury caused by a dog] to allege or prove that such dog was of a vicious or mischievous disposition or that the owner or keeper thereof knew that it was vicious or mischievous." However, this language only eliminates the necessity of proving the dog's viciousness or the dog owner's knowledge for the purposes of establishing *liability.* It says nothing about the introduction of such evidence for the purposes of apportioning fault for the allocation of damages.

Indeed, our holding that comparative fault applies to the dog bite statute necessarily bifurcates the trial as to liability and damages. To establish liability, a plaintiff need only show that the defendant is the owner or keeper of the dog and that the plaintiff's injuries were committed by that dog. However, where the defendant claims that another party also contributed to the injuries and is allowed to offer evidence of that person's negligence for the jury to determine his own percentage of fault under the comparative fault statute, it necessarily follows that the plaintiff must be allowed to offer evidence of the defendant's negligence, i.e., disposition and prior activities of the dog and the own-

er's knowledge thereof, as well as the facts of the injury. Such evidence is needed for the jury to validly establish a percentage of comparative fault on the part of a defendant.

In this case, during cross-examination of a witness, plaintiff attempted to offer evidence of a prior injury committed by Cavik. Bistryski objected to this evidence as irrelevant to the dog owner's strict liability, and the trial court sustained the objection. Evidence of the dog's disposition and propensity for biting people was certainly relevant to the determination of Bistryski's relative fault. Therefore, the trial court should have overruled the objection and allowed plaintiff to proceed. Accordingly, we hold that the trial court erred in excluding such evidence.

██ Bistryski argues, however, that even if evidence of prior bites is admissible, the trial court's error in excluding such evidence did not amount to reversible error. *See Crookston v. Fire Ins. Exch.*, 817 P.2d 789, 796 (Utah 1991) (" 'Harmless error' is defined ... as an error that is 'sufficiently inconsequential that we conclude there is no reasonable likelihood that the error affected the outcome of the proceedings.' " (quoting *State v. Verde*, 770 P.2d 116, 120 (Utah 1989))). Bistryski argues that evidence that the dog was well-fed and properly chained within Bistryski's property was enough to enable the jury to apportion 12% fault.

However, for a jury to apportion relative fault between two parties, the jury, of necessity, must have sufficient evidence of the culpability of each party to make that apportionment. In this case, defendant raised the issue by alleging that S.H.'s mother was negligent in failing to keep S.H. away from the dog. A mother's concern may differ in the case of a seemingly friendly springer spaniel as opposed to a Doberman pinscher. These and other factors could be considered by a jury in deciding whether the mother was negligent. However, to determine her percentage of fault relative to the dog owner's fault, the jury must have something to

compare it against. For instance, evidence of the dog's disposition, prior biting history, the frequency of children playing nearby, and the owner's knowledge thereof may be relevant to determine whether the dog owner was negligent in leaving the dog chained to a car in the driveway. Without such evidence, it was impossible for the jury to make a valid apportionment as required by the Act. Therefore, we hold that the trial court's error in excluding Robinson's evidence was harmful. The inclusion of this evidence may well have resulted in a different jury determination of Bistryski's and Robinson's relative faults. Accordingly, we reverse and remand for a new trial.

Finally, we address the last point raised in plaintiff's brief, that "children under the age of seven are incapable of negligence by Utah case law." [3] She asserts that children under the age of seven are incapable of negligence under Utah law. However, Bistryski responds that he did not allege negligence on the part of S.H. but only on the part of S.H.'s mother. Therefore, he asserts, S.H.'s age is irrelevant.

██ Plaintiff correctly asserts that children under the age of seven are legally incapable of negligence. *Nelson v. Arrowhead Freight Lines Ltd.*, 99 Utah 129, 134, 104 P.2d 225, 228 (1940). However, as Bistryski argues, the issue before the jury was not whether S.H. was negligent, but whether S.H.'s mother was negligent and, if so, whether her negligence was a proximate cause of her daughter's injury.

Section 78–27–38(4)(a) states, "In determining the proportionate fault attributable to each defendant, the fact finder may, and when requested by a party shall, consider the conduct of *any person* who contributed to the alleged injury regardless of whether the person is a person immune from suit or a defendant in the action." (Emphasis added.) The plain language of section 78–27–38 permits a trier of fact to consider the conduct of "any person" for purposes of proportioning fault.

**3.** We assume that plaintiff argues this point to establish that because S.H. was under seven years old at the time of her injury, comparative fault does not apply in this case.

In the case before us, Robinson qualifies as "any person" under the statute. Therefore, it was proper for the jury to consider the issue of Robinson's negligence, and plaintiff's argument is without merit.

## CONCLUSION

We hold that comparative fault applies to Utah's strict liability dog bite statute and thus affirm the trial court's ruling in that respect. However, we hold that the trial court erred in excluding plaintiff's evidence and that this error was harmful. Accordingly, we reverse and remand for a new trial consistent with this opinion.

ZIMMERMAN, C.J., STEWART, Associate C.J., and HOWE and DURHAM, JJ., concur in Justice RUSSON's opinion.