**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 15, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHN MILLER and JOAN MILLER,

Plaintiffs - Appellants,

v.

UNITED STATES OF AMERICA,

Defendant - Appellee.

No. 05-4283

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D. Ct. No. 1:02-CV-37-TC)**

---

Submitted on the Briefs:[*]

Edward P. Moriarity and Shandor S. Badaruddin, Moriarity, Badaruddin, & Booke, LLC, Missoula, Montana, for Appellants.

Stephen J. Sorenson, Acting United States Attorney, and Jeffrey E. Nelson, Assistant United States Attorney, Office of the United States Attorney for the District of Utah, Salt Lake City, Utah, for Appellee.

---

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

---

[*]After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

**TACHA**, Chief Circuit Judge.

Plaintiffs-Appellants John and Joan Miller seek relief under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, for injuries resulting from a car accident that occurred in the State of Utah. The District Court dismissed the action under Fed. R. Civ. P. 12(b)(6). We take jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

## I. BACKGROUND

John and Joan Miller were injured in a car accident caused by Arthur Valle, an employee of the United States Air Force, who had been drinking at the Non-Commissioned Officers' Club at Hill Air Force Base prior to the accident. The Millers assert that the Government is liable for damages under the FTCA for negligently serving alcohol to Mr. Valle in violation of Utah's Dramshop Act, Utah Code Ann. § 32A-14a-102. The Government moved to dismiss the action, arguing that the Dramshop Act is a strict liability statute and therefore not within the scope of the FTCA's immunity waiver.

The District Court sua sponte certified the following question to the Utah Supreme Court: "Whether a federal government employee, who ordinarily would be immune from suit in cases of strict liability, may be liable under Utah's Dramshop Act if the Plaintiffs establish negligence." *Miller v. United States*, 104 P.3d 1202, 1203 (Utah 2004). Without treading on the embedded federal

question, the Utah Supreme Court held that Utah's Dramshop Act is a strict liability statute, *see id.*, and that Utah does not recognize a common law negligence claim for the commercial sale of liquor to an intoxicated person, *see id.* at 1204. With respect to the latter point, the court explained that "the general rule instructs that when a third party is injured by an intoxicated person, it is the consumption of the alcohol, not the furnishing of it, which proximately causes the injury." *Id.*

Based on the foregoing, the District Court granted the Government's motion to dismiss for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Millers timely appealed.

## II. DISCUSSION

A.     Standard of Review

We review de novo the district court's grant of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), applying the same standards as the district court. *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006).

B.     The Scope of the Federal Tort Claims Act Immunity Waiver

It is well-settled that no action lies against the United States unless Congress has authorized it. *Dalehite v. United States*, 346 U.S. 15, 30 (1953). The FTCA, enacted in 1946 after nearly thirty years of Congressional consideration, *see id.* at 24, is one such waiver of immunity. It permits individuals to sue the Government "for injury or loss of property, or personal

-3-

injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). This unequivocal waiver of immunity must be construed narrowly and the "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *In re Franklin Savings Corp.*, 385 F.3d 1279, 1289–90 (10th Cir. 2004) (quoting *Lehman v. Nakshian*, 453 U.S. 156, 160–161 (1981)).

We have previously explained that "[u]nder the FTCA, the Government is liable 'in the same manner and to the same extent as a private individual under like circumstances,' 28 U.S.C. § 2674, and 'in accordance with the law of the place where the act . . . occurred.' [28 U.S.C.] § 1346(b)(1)." *Cannon v. United States*, 338 F.3d 1183, 1192 (10th Cir. 2003). In other words, we look to state law to resolve questions of substantive liability. *Id.*

The Miller's complaint alleges negligent conduct on the part of the Government. Utah, however, does not recognize a common law action in negligence against persons who provide alcohol to intoxicated persons. *Miller*, 104 P.3d at 1204. The exclusive route of recovery against a distributor of alcohol is via Utah's Dramshop Act, Utah Code Ann. § 32A-14a-102. Under the act, a

person who furnishes an alcoholic beverage to an individual whom he or she "knew or should have known from the circumstances was under the influence of intoxicating alcoholic beverages" becomes liable to third parties for injuries and damages. Utah Code Ann. § 32A-14a-102(1)(a), (b). Passed in 1981, the act's purpose was to "abrogate the common law rule precluding the liability of a party who sells or otherwise provides alcohol to a person who is intoxicated and injures another" and "to compensate innocent third parties by making dramshop owners strictly liable without regard to the finding of fault, wrongful intent, or negligent conduct on their part." *Adkins v. Uncle Bart's, Inc.*, 1 P.3d 528, 532 (Utah 2000) (quoting *Reeves v. Gentile*, 813 P.2d 111, 116 (Utah 1991)).

In *Dalehite*, the Supreme Court held that the waiver of immunity under the FTCA, by its terms, requires a "negligent or wrongful" act, and therefore it does not extend to liability without fault—namely, strict liability. *Dalehite*, 346 U.S. at 45. Strict liability "arises irrespective of how the tortfeasor conducts himself"—that is, "the degree of care used in performing the activity is irrelevant to the application of that doctrine." *Id.* at 44–45. Because the Dramshop Act is the exclusive vehicle for bringing claims such as the Millers', the fact that the statute is one of strict liability would appear to settle this matter. *See Gober v. United States*, 778 F.2d 1552, 1556–57 (11th Cir. 1986) (holding that when a plaintiff need not prove the defendant's negligence, or negligence is imputed to the defendant under a strict liability statute, such suit is not cognizable under 28

-5-

U.S.C. § 1346(b)). The Millers contend, however, that despite the Utah Supreme Court's characterization of the Dramshop Act as a strict liability statute, the act in reality imposes liability only upon a finding of fault and therefore FTCA does not preclude their suit.

As support for their contention that the Dramshop Act is a fault-based statute, the Millers point to the fact that liability under the Act is subject to Utah's comparative fault statute. *See Red Flame, Inc. v. Martinez*, 996 P.2d 540, 543 (2000); Utah Code Ann. § 78-27-38. Specifically, in Utah liability is apportioned according to the degree of "fault," *see* Utah Code Ann. § 78-27-38, which is defined as:

> any actionable breach of legal duty, act, or omission proximately causing or contributing to injury or damages sustained by a person seeking recovery, including negligence in all its degrees, comparative negligence, assumption of risk, *strict liability*, breach of express or implied warranty of a product, products liability, and misuse, modification, or abuse of a product.

Utah Code Ann. § 78-27-37(2) (emphasis added). According to the Millers, since liability is apportioned according to fault this type of liability is more aptly called "negligence." We disagree.

The imposition of strict liability does not preclude application of comparative fault where another party's negligence also contributed to the plaintiff's injury. As the Utah Supreme Court has explained in the context of a strict liability dog bite statute, *see* Utah Code Ann. § 18-1-1, which is also subject

to principles of comparative fault:

> [A]lthough dog owners are strictly liable for damages arising out of injuries committed by their dogs, the percentage of those damages which the owner must pay is determined by the comparative fault provisions of the Liability Reform Act. The fault of another party may have contributed to the injury and may preclude finding a dog owner responsible for 100% of the damages arising out of such injuries.

*S.H. v. Bistryski*, 923 P.2d 1376, 1380 (Utah 1996). In other words, the defendant remains strictly liable for injuries caused by their conduct except that the plaintiff's damages against that defendant are reduced in proportion to other parties' contribution to the plaintiff's injury. *See also* Uniform Comparative Fault Act § 1 (providing for the application of comparative fault to actions based upon strict liability). Such a rule serves the purpose of the Dramshop Act, which, as noted above, is "to compensate innocent third parties by making dramshop owners strictly liable without regard to the finding of fault, wrongful intent, or negligent conduct on their part." *Adkins*, 1 P.3d at 532. If another party, such as a plaintiff, contributed to his or her injury, then Utah precludes recovery of a proportional amount of damages against a strictly liable defendant (i.e. one held liable without regard to fault).

In sum, because the exclusive vehicle for recovery against a dramshop in Utah is governed by a strict liability statute under which the plaintiff need not establish negligence, such action is not within the scope of the FTCA's immunity waiver.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the District Court.